**FILED**

**MARCH 14, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**08 C 1533**

| | |
|---|---|
| RENE MONTANEZ, CHRYSTAL MCGREW, and RICARDO MONTANEZ )<br><br>　　　　Plaintiffs, )<br><br>v. )<br><br>OFFICER J. OCAMPO, in his individual capacity )<br>OFFICER D. RAMOS, in his individual capacity )<br>OFFICER AGOSTA, in his individual capacity; )<br>OFFICER J. TORRES, in his individual capacity; )<br>OFFICER GLORIA GOMEZ, in her individual capacity;)<br>OFFICER V. O'DONNELL; in her individual capacity; )<br>OFFICER N. RAMIREZ, in his individual capacity; )<br>UNKNOWN DEFENDANT OFFICERS, in their )<br>individual capacities; and the CITY OF CHICAGO, )<br>ILLINOIS )<br><br>　　　　Defendants. ) | Case No.<br><br>**JUDGE GETTLEMAN<br>MAGISTRATE JUDGE MASON**<br><br>Jury Demand |

**COMPLAINT AT LAW**

NOW COME the Plaintiffs, RENE MONTANEZ; CHRYSTAL MCGREW; and

RICARDO MONTANEZ, by and through their attorneys, Elliot Richardson & Associates,

LLC, and allege against the Defendants, OFFICER J. OCAMPO; OFFICER D. RAMOS

OFFICER AGOSTA; OFFICER J. TORRES; OFFICER GLORIA GOMEZ; OFFICER V.

O'DONNELL; OFFICER N. RAMIREZ; UNKNOWN DEFENDANT OFFICERS; and the

CITY OF CHICAGO, IL, as follows:

**JURISDICTION**

1.    The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, the Judicial Code, 28 U.S.C. §1331 and the Constitution of the United States.

**VENUE**

2.    Venue is appropriate in the Northern District of Illinois pursuant to 28 U.S.C § 1391(b) as at least one of the Defendants resides in Cook County, located in this district.

**PARTIES**

3.    Plaintiff, Rene Montanez, is, and at all times material to this Complaint was, a citizen of the United States.

4.    Plaintiff, Chrystal McGrew, is, and at all times material to this Complaint was, a citizen of the United States.

5.    Plaintiff, Ricardo Montanez, is, and at all times material to this Complaint, was, a citizen of the United States.

6.    Defendant Officer J. Ocampo was at all times material to this Complaint employed by the City of Chicago Police Department.  Defendant Officer J. Ocampo was acting under color of law at all times relevant to this Complaint.

7.    Defendant Officer D. Ramos was at all times material to this Complaint employed by the City of Chicago Police Department.  Defendant Officer D. Ramos was acting under color of law at all times relevant to this Complaint.

8.    Defendant Officer Agosta was at all times material to this Complaint employed by the City of Chicago Police Department.  Defendant Officer Agosta was acting under color of law at all times relevant to this Complaint.

9.    Defendant Officer J. Torres was at all times material to this Complaint employed by the City of Chicago Police Department.  Defendant Officer J. Torres was acting under color of law at all times relevant to this Complaint.

10.    Defendant Officer Gloria Gomez was at all times material to this Complaint employed by the City of Chicago Police Department.  Defendant Officer Gloria Gomez was acting under color of law at all times relevant to this Complaint.

11.    Defendant Officer V. O'Donnell was at all times material to this Complaint employed by the City of Chicago Police Department.  Defendant Officer V. O'Donnell was acting under color of law at all times relevant to this Complaint.

12.    Defendant Officer N. Ramirez was at all times material to this Complaint employed by the City of Chicago Police Department.  Defendant Officer N. Ramirez was acting under color of law at all times relevant to this Complaint.

13.    Unknown Defendant Officers were at all times material to this Complaint employed by the City of Chicago Police Department.  Unknown Defendant Officers were acting under color of law at all times relevant to this Complaint.

14.    The City of Chicago is a municipal corporation, duly organized under the laws of the State of Illinois, and was at all times material to this action the employer of Officer J. Ocampo, Officer D. Ramos, Officer Agosta, Officer J. Torres, Officer V. O'Donnell, Officer N. Ramirez, and Unknown Defendant Officers (hereinafter the

"Defendant Officers").    At all times material to this action, the City of Chicago was also the employer of Officer Gloria Gomez.


## FACTS COMMON TO ALL COUNTS


15.    Since around June of 2006, Plaintiffs Rene Montanez and Chrystal McGrew ("Plaintiff McGrew") have had a tumultuous relationship with their downstairs neighbor, Officer Gloria Gomez, a City of Chicago police officer assigned to the 014th District.

16.    On March 16, 2007, Officer Gloria Gomez called 911 and falsely accused the Plaintiffs of assaulting her mother.

17.    As a result, two Unknown Defendant Officers responded to Plaintiffs Rene Montanez's and McGrew's residence located at 3439 W. Drummond and waited for Plaintiff Rene Montanez to return home.

18.    Around 12:30 a.m., Plaintiff Rene Montanez and his father, Plaintiff Ricardo Montanez, returned home from a concert and observed the front door of the building was wide open.

19.    Somewhat concerned, Plaintiff Rene Montanez and Plaintiff Ricardo Montanez cautiously entered the building.  Upon entry, Plaintiff Rene Montanez inquired as to who was there, however he did not receive a response.

20.    Plaintiff Rene Montanez again inquired as to who was in the building. Suddenly and without warning, the two Unknown Defendant Officers inexplicably threw Plaintiff Rene Montanez against a wall and took him down to the ground and handcuffed

him. Shortly thereafter, these Unknown Defendant Officers escorted Plaintiff Rene Montanez to a squad car parked outside the building.

21.     Around this time, Plaintiff McGrew was in the apartment located at 3439 W. Drummond ("apartment") when she heard screaming and yelling coming from the front hallway.

22.     Plaintiff McGrew left the apartment to investigate the noise in the hallway and walked outside the building. At this time, Plaintiff McGrew observed Plaintiff Rene Montanez in a squad car parked outside the building.

23.     The Unknown Defendant Officers advised Plaintiff McGrew that they were at the premises due to an alleged noise violation.

24.     Approximately thirty minutes later, the Unknown Defendant Officers released Plaintiff Rene Montanez from their custody. Plaintiff Rene Montanez was not charged with any crime or offense.

25.     At this time, Plaintiffs went upstairs to their apartment. A short time later, Unknown Defendant Officers pounded on the apartment door. When the officers received no response, they left.

26.     Shortly thereafter, the power in the apartment went out.

27.     Plaintiff Rene Montanez and Plaintiff Ricardo Montanez left the apartment and went downstairs to the basement to restore the power.

28.     When Plaintiff Rene Montanez and Plaintiff Ricardo Montanez reached the basement, they were suddenly and violently tackled and brought to the ground by the Defendant Officers.

29.     Plaintiff McGrew, hearing screaming and yelling, called 911 and then proceeded downstairs to investigate.

30.     When she arrived downstairs, she witnessed Plaintiff Rene Montanez and Plaintiff Ricardo Montanez handcuffed and on the floor.

31.     When she inquired into the situation, she was ordered by the Defendant Officers to leave the scene.

32.     As Plaintiff McGrew was on the telephone with 911, the Defendant Officers forcefully shoved Plaintiff McGrew against a fence – breaking the fence - and tackled her to the ground.

33.     Plaintiffs Rene Montanez and Ricardo Montanez were arrested for aggravated assault, resisting arrest, and battery.  Plaintiff McGrew was arrested for resisting arrest and aggravated assault.

34.     As a result of the unreasonable actions of the Defendant Officers, the Plaintiffs sustained severe physical injuries.

35.     The force used by the Defendant Officers in effectuating the Plaintiffs' arrests was excessive and unjustified.

36.     At no time on March 16, 2007, did Plaintiff violate any laws to warrant their arrests by the Defendant Officers.

37.     The Defendant Officers did not have probable cause to detain and/or arrest the Plaintiffs at any time on March 16, 2007.

## COUNT I
### (Excessive Force - §1983 Claim Against Officer J. Ocampo)

38.    Plaintiffs re-allege, reassert and incorporate paragraphs one through thirty-seven of this Complaint as if fully set forth herein.

39.    This Count is brought pursuant to 42 U.S.C. § 1983 and the Constitution of the United States.

40.    The Defendant Officer's actions amounted to an excessive use of force unto the Plaintiffs and violated their Fourth Amendment rights.

41.    The above-referenced actions of the Defendant constitute and amount to an excessive use of force in violation of 42 U.S.C. § 1983 and the United States Constitution.

42.    The aforementioned actions of Defendant Officer J. Ocampo were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, the Plaintiffs, RENE MONTANEZ; CHRYSTAL MCGREW; and RICARDO MONTANEZ, respectfully request that this Honorable Court enter judgment in their favor and award them compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT II
### (Excessive Force - §1983 Claim Against Officer D. Ramos)

43.    Plaintiffs re-allege, reassert and incorporate paragraphs one through thirty-seven of this Complaint as if fully set forth herein.

44.    This Count is brought pursuant to 42 U.S.C. § 1983 and the Constitution of the United States.

45.    The Defendant Officer's actions amounted to an excessive use of force unto the Plaintiffs and violated their Fourth Amendment rights.

46.    The above-referenced actions of the Defendant constitute and amount to an excessive use of force in violation of 42 U.S.C. § 1983 and the United States Constitution.

47.    The aforementioned actions of Defendant Officer D. Ramos were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, the Plaintiffs, RENE MONTANEZ; CHRYSTAL MCGREW; and RICARDO MONTANEZ, respectfully request that this Honorable Court enter judgment in their favor and award them compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.


### COUNT III
**(Excessive Force - §1983 Claim Against Officer Agosta)**

48.    Plaintiffs re-allege, reassert and incorporate paragraphs one through thirty-seven of this Complaint as if fully set forth herein.

49.    This Count is brought pursuant to 42 U.S.C. § 1983 and the Constitution of the United States.

50.    The Defendant Officer's actions amounted to an excessive use of force unto the Plaintiffs and violated their Fourth Amendment rights.

51.    The above-referenced actions of the Defendant constitute and amount to an excessive use of force in violation of 42 U.S.C. § 1983 and the United States Constitution.

52.    The aforementioned actions of Defendant Officer Agosta were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, the Plaintiffs, RENE MONTANEZ; CHRYSTAL MCGREW; and RICARDO MONTANEZ, respectfully request that this Honorable Court enter judgment in their favor and award them compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

### COUNT IV
### (Excessive Force - §1983 Claim Against Officer J. Torres)

53.    Plaintiffs re-allege, reassert and incorporate paragraphs one through thirty-seven of this Complaint as if fully set forth herein.

54.    This Count is brought pursuant to 42 U.S.C. § 1983 and the Constitution of the United States.

55.    The Defendant Officer's actions amounted to an excessive use of force unto the Plaintiffs and violated their Fourth Amendment rights.

56.    The above-referenced actions of the Defendant constitute and amount to an excessive use of force in violation of 42 U.S.C. § 1983 and the United States Constitution.

57.    The aforementioned actions of Defendant Officer J. Torres were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, the Plaintiffs, RENE MONTANEZ; CHRYSTAL MCGREW; and RICARDO MONTANEZ, respectfully request that this Honorable Court enter judgment in their favor and award them compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT V
### (Excessive Force - §1983 Claim Against Officer V. O'Donnell)

58.    Plaintiffs re-allege, reassert and incorporate paragraphs one through thirty-seven of this Complaint as if fully set forth herein.

59.    This Count is brought pursuant to 42 U.S.C. § 1983 and the Constitution of the United States.

60.    The Defendant Officer's actions amounted to an excessive use of force unto the Plaintiffs and violated their Fourth Amendment rights.

61.    The above-referenced actions of the Defendant constitute and amount to an excessive use of force in violation of 42 U.S.C. § 1983 and the United States Constitution.

62.    The aforementioned actions of Defendant Officer V. O'Donnell were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, the Plaintiffs, RENE MONTANEZ; CHRYSTAL MCGREW; and RICARDO MONTANEZ, respectfully request that this Honorable Court enter judgment in their favor and award them compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

**COUNT VI**
**(Excessive Force - §1983 Claim Against Officer N. Ramirez)**

63.    Plaintiffs re-allege, reassert and incorporate paragraphs one through thirty-seven of this Complaint as if fully set forth herein.

64.    This Count is brought pursuant to 42 U.S.C. § 1983 and the Constitution of the United States.

65.    The Defendant Officer's actions amounted to an excessive use of force unto the Plaintiffs and violated their Fourth Amendment rights.

66.    The above-referenced actions of the Defendant constitute and amount to an excessive use of force in violation of 42 U.S.C. § 1983 and the United States Constitution.

67.    The aforementioned actions of Defendant Officer N. Ramirez were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, the Plaintiffs, RENE MONTANEZ; CHRYSTAL MCGREW; and RICARDO MONTANEZ, respectfully request that this Honorable Court enter judgment in their favor and award them compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

**COUNT VII**
**(Excessive Force - §1983 Claim Against Unknown Defendant Officers)**

68.    Plaintiffs re-allege, reassert and incorporate paragraphs one through thirty-seven of this Complaint as if fully set forth herein.

69.    This Count is brought pursuant to 42 U.S.C. § 1983 and the Constitution of the United States.

70.    The Unknown Defendant Officers' actions amounted to an excessive use of force unto the Plaintiffs and violated their Fourth Amendment rights.

71.    The above-referenced actions of the Defendants constitute and amount to an excessive use of force in violation of 42 U.S.C. § 1983 and the United States Constitution.

72.    The aforementioned actions of the Unknown Defendant Officers were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, the Plaintiffs, RENE MONTANEZ; CHRYSTAL MCGREW; and RICARDO MONTANEZ, respectfully request that this Honorable Court enter judgment in their favor and award them compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

### COUNT VIII
**(False Imprisonment/Arrest - §1983 Claim Against Officer J. Ocampo)**

73.    Plaintiffs re-allege, reassert and incorporate paragraphs one through thirty-seven of this Complaint as if fully set forth herein.

74.    This Count is brought pursuant to 42 U.S.C. § 1983 and the Constitution of the United States.

75.    Defendant Officer J. Ocampo caused the Plaintiffs to be detained and imprisoned on March 16, 2007 even though he was devoid of any justifiable basis and lacked probable cause for said detention in violation of the Fourth Amendment of the

United States Constitution.    Defendant Officer J. Ocampo's false imprisonment of Plaintiffs constituted an unlawful seizure.

76.    The aforementioned actions of Defendant Officer J. Ocampo proximately caused the Plaintiffs to be deprived of their Fourth Amendment right to be free from arrest and imprisonment lacking probable cause and caused them to be unlawfully detained and imprisoned against their will.    Plaintiffs were aware of this unlawful detention. This caused Plaintiffs to be damaged.

WHEREFORE, the Plaintiffs, RENE MONTANEZ; CHRYSTAL MCGREW; and RICARDO MONTANEZ, respectfully request that this Honorable Court enter judgment in their favor and award them compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT IX
### (False Imprisonment/Arrest - §1983 Claim Against Officer D. Ramos)

77.    Plaintiffs re-allege, reassert and incorporate paragraphs one through thirty-seven of this Complaint as if fully set forth herein.

78.    This Count is brought pursuant to 42 U.S.C. § 1983 and the Constitution of the United States.

79.    Defendant Officer D. Ramos caused the Plaintiffs to be detained and imprisoned on March 16, 2007 even though he was devoid of any justifiable basis and lacked probable cause for said detention in violation of the Fourth Amendment of the United States Constitution.    Defendant Officer D. Ramos' false imprisonment of Plaintiffs constituted an unlawful seizure.

80.    The aforementioned actions of Defendant Officer D. Ramos proximately

caused the Plaintiffs to be deprived of their Fourth Amendment right to be free from arrest and imprisonment lacking probable cause and caused them to be unlawfully detained and imprisoned against their will.   Plaintiffs were aware of this unlawful detention. This caused Plaintiffs to be damaged.

WHEREFORE, the Plaintiffs, RENE MONTANEZ; CHRYSTAL MCGREW; and RICARDO MONTANEZ, respectfully request that this Honorable Court enter judgment in their favor and award them compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

### COUNT X
### (False Imprisonment/Arrest - §1983 Claim Against Officer Agosta)

81.    Plaintiffs re-allege, reassert and incorporate paragraphs one through thirty-seven of this Complaint as if fully set forth herein.

82.    This Count is brought pursuant to 42 U.S.C. § 1983 and the Constitution of the United States.

83.    Defendant Officer Agosta caused the Plaintiffs to be detained and imprisoned on March 16, 2007 even though he was devoid of any justifiable basis and lacked probable cause for said detention in violation of the Fourth Amendment of the United States Constitution.  Defendant Officer Agosta's false imprisonment of Plaintiffs constituted an unlawful seizure.

84.    The aforementioned actions of Defendant Officer Agosta proximately caused the Plaintiffs to be deprived of their Fourth Amendment right to be free from arrest and imprisonment lacking probable cause and caused them to be unlawfully

detained and imprisoned against their will.   Plaintiffs were aware of this unlawful detention. This caused Plaintiffs to be damaged.

WHEREFORE, the Plaintiffs, RENE MONTANEZ; CHRYSTAL MCGREW; and RICARDO MONTANEZ, respectfully request that this Honorable Court enter judgment in their favor and award them compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

### COUNT XI
**(False Imprisonment/Arrest - §1983 Claim Against Officer J. Torres)**

85.    Plaintiffs re-allege, reassert and incorporate paragraphs one through thirty-seven of this Complaint as if fully set forth herein.

86.    This Count is brought pursuant to 42 U.S.C. § 1983 and the Constitution of the United States.

87.    Defendant Officer J. Torres caused the Plaintiffs to be detained and imprisoned on March 16, 2007 even though he was devoid of any justifiable basis and lacked probable cause for said detention in violation of the Fourth Amendment of the United States Constitution.  Defendant Officer J. Torres' false imprisonment of Plaintiffs constituted an unlawful seizure.

88.   The aforementioned actions of Defendant Officer J. Torres proximately caused the Plaintiffs to be deprived of their Fourth Amendment right to be free from arrest and imprisonment lacking probable cause and caused them to be unlawfully

detained and imprisoned against their will. Plaintiffs were aware of this unlawful detention. This caused Plaintiffs to be damaged.

WHEREFORE, the Plaintiffs, RENE MONTANEZ; CHRYSTAL MCGREW; and RICARDO MONTANEZ, respectfully request that this Honorable Court enter judgment in their favor and award them compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT XII
### (False Imprisonment/Arrest - §1983 Claim Against Officer V. O'Donnell)

89.    Plaintiffs re-allege, reassert and incorporate paragraphs one through thirty-seven of this Complaint as if fully set forth herein.

90.    This Count is brought pursuant to 42 U.S.C. § 1983 and the Constitution of the United States.

91.    Defendant Officer V. O'Donnell caused the Plaintiffs to be detained and imprisoned on March 16, 2007 even though she was devoid of any justifiable basis and lacked probable cause for said detention in violation of the Fourth Amendment of the United States Constitution.   Defendant Officer V. O'Donnell's false imprisonment of Plaintiffs constituted an unlawful seizure.

92.    The aforementioned actions of Defendant Officer V. O'Donnell proximately caused the Plaintiffs to be deprived of their Fourth Amendment right to be free from arrest and imprisonment lacking probable cause and caused them to be unlawfully detained and imprisoned against their will.   Plaintiffs were aware of this unlawful detention. This caused Plaintiffs to be damaged.

WHEREFORE, the Plaintiffs, RENE MONTANEZ; CHRYSTAL MCGREW; and RICARDO MONTANEZ, respectfully request that this Honorable Court enter judgment in their favor and award them compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

**COUNT XIII**
**(False Imprisonment/Arrest - §1983 Claim Against Officer N. Ramirez)**

93.     Plaintiffs re-allege, reassert and incorporate paragraphs one through thirty-seven of this Complaint as if fully set forth herein.

94.     This Count is brought pursuant to 42 U.S.C. § 1983 and the Constitution of the United States.

95.     Defendant Officer N. Ramirez caused the Plaintiffs to be detained and imprisoned on March 16, 2007 even though he was devoid of any justifiable basis and lacked probable cause for said detention in violation of the Fourth Amendment of the United States Constitution.   Defendant Officer N. Ramirez's false imprisonment of Plaintiffs constituted an unlawful seizure.

96.   The aforementioned actions of Defendant Officer N. Ramirez proximately caused the Plaintiffs to be deprived of their Fourth Amendment right to be free from arrest and imprisonment lacking probable cause and caused them to be unlawfully detained and imprisoned against their will.   Plaintiffs were aware of this unlawful detention. This caused Plaintiffs to be damaged.

WHEREFORE, the Plaintiffs, RENE MONTANEZ; CHRYSTAL MCGREW; and RICARDO MONTANEZ, respectfully request that this Honorable Court enter judgment in their favor and award them compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT XIV
### (False Imprisonment/Arrest - §1983 Claim Against Unknown Defendant Officers)

97.    Plaintiffs re-allege, reassert and incorporate paragraphs one through thirty-seven of this Complaint as if fully set forth herein.

98.    This Count is brought pursuant to 42 U.S.C. § 1983 and the Constitution of the United States.

99.    Unknown Defendant Officers caused the Plaintiffs to be detained and imprisoned on March 16, 2007 even though they were devoid of any justifiable basis and lacked probable cause for said detention in violation of the Fourth Amendment of the United States Constitution.   Unknown Defendant Officers' false imprisonment of Plaintiffs constituted an unlawful seizure.

100.   The aforementioned actions of the Unknown Defendant Officers proximately caused the Plaintiffs to be deprived of their Fourth Amendment right to be free from arrest and imprisonment lacking probable cause and caused them to be unlawfully detained and imprisoned against their will.   Plaintiffs were aware of this unlawful detention. This caused Plaintiffs to be damaged.

WHEREFORE, the Plaintiffs, RENE MONTANEZ; CHRYSTAL MCGREW; and RICARDO MONTANEZ, respectfully request that this Honorable Court enter judgment in their favor and award them compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT XV
### (Conspiracy to Deprive Constitutional Rights - §1983 Claim Against the Defendant Officers and Officer Gloria Gomez)

101.    Plaintiffs re-allege, reassert and incorporate paragraphs one through thirty-seven of this Complaint as if fully set forth herein.

102.    Defendant Officer Gloria Gomez conspired with the other Defendant Officers to deprive the Plaintiffs of their constitutional rights.  To wit, an explicit or implicit meeting of the minds occurred among the Defendant Officers and Officer Gloria Gomez on or about March 16, 2007, and continued thereafter, in which an agreement was made to violate Plaintiffs' Fourth Amendment rights, and bring false and malicious charges, statements and testimony against the Plaintiffs.

103.    Officer Gloria Gomez and each of the Defendant Officers engaged in one or more of the following overt acts to effectuate and promote the conspiracy:

      a.      aided, assisted, and abetted in providing false information to file charges in which it was related that the Plaintiffs resisted arrest and committed battery and aggravated assault on March 16, 2007;

      b.      agreed between themselves, to give false statements to the Office of Professional Standards and the Cook County State's Attorney's Office related to the above-referenced criminal charges; and

c.    was otherwise a willful participant in joint activity.

104.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and was committed for the express purpose and mutual understanding to deprive the Plaintiffs of their Fourth Amendment rights.

105.    This conspiracy was undertaken for the additional purpose of punishing the Plaintiffs for their volatile relationship with Defendant Officer Gloria Gomez.

106.    As a proximate result of the conspiracy, the Plaintiffs have suffered constitutional infringements, pain and suffering, financial damage including legal expense, as well as severe emotional distress and mental anguish.

WHEREFORE, the Plaintiffs, RENE MONTANEZ; CHRYSTAL MCGREW; and RICARDO MONTANEZ, respectfully request that this Honorable Court enter judgment in their favor and award them compensatory damages, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

### COUNT XVI
### (Assault and Battery – State Law Claim Against Officer J. Ocampo)

107.    Plaintiffs re-allege, reassert and incorporate paragraphs one through thirty-seven of this Complaint as if fully set forth herein.

108.    The acts of Defendant Officer J. Ocampo, as described above, were affirmative acts intended to cause an impermissible contact of a harmful and/or offensive nature to which the Plaintiffs did not consent, and thus constitute assault and battery under Illinois law.  Further, said acts directly and proximately caused the Plaintiffs to be damaged.

WHEREFORE, the Plaintiffs, RENE MONTANEZ; CHRYSTAL MCGREW; and RICARDO MONTANEZ, respectfully request that this Honorable Court enter judgment in their favor and award them compensatory damages, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT XVII
### (Assault and Battery – State Law Claim Against Officer D. Ramos)

109.    Plaintiffs re-allege, reassert and incorporate paragraphs one through thirty-seven of this Complaint as if fully set forth herein.

110.    The acts of Defendant Officer D. Ramos, as described above, were affirmative acts intended to cause an impermissible contact of a harmful and/or offensive nature to which the Plaintiffs did not consent, and thus constitute assault and battery under Illinois law. Further, said acts directly and proximately caused the Plaintiffs to be damaged.

WHEREFORE, the Plaintiffs, RENE MONTANEZ; CHRYSTAL MCGREW; and RICARDO MONTANEZ, respectfully request that this Honorable Court enter judgment in their favor and award them compensatory damages, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT XVIII
### (Assault and Battery – State Law Claim Against Officer Agosta)

111.    Plaintiffs re-allege, reassert and incorporate paragraphs one through thirty-seven of this Complaint as if fully set forth herein.

112.    The acts of Defendant Officer Agosta, as described above, were affirmative acts intended to cause an impermissible contact of a harmful and/or offensive nature to which the Plaintiffs did not consent, and thus constitute assault and battery under Illinois law.  Further, said acts directly and proximately caused the Plaintiffs to be damaged.

WHEREFORE, the Plaintiffs, RENE MONTANEZ; CHRYSTAL MCGREW; and RICARDO MONTANEZ, respectfully request that this Honorable Court enter judgment in their favor and award them compensatory damages, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

### COUNT XIX
### (Assault and Battery – State Law Claim Against Officer J. Torres)

113.    Plaintiffs re-allege, reassert and incorporate paragraphs one through thirty-seven of this Complaint as if fully set forth herein.

114.    The acts of Defendant Officer J. Torres, as described above, were affirmative acts intended to cause an impermissible contact of a harmful and/or offensive nature to which the Plaintiffs did not consent, and thus constitute assault and battery under Illinois law.  Further, said acts directly and proximately caused the Plaintiffs to be damaged.

WHEREFORE, the Plaintiffs, RENE MONTANEZ; CHRYSTAL MCGREW; and RICARDO MONTANEZ, respectfully request that this Honorable Court enter judgment in their favor and award them compensatory damages, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT XX
**(Assault and Battery – State Law Claim Against Officer V. O'Donnell)**

115.    Plaintiffs re-allege, reassert and incorporate paragraphs one through thirty-seven of this Complaint as if fully set forth herein.

116.    The acts of Defendant Officer V. O'Donnell, as described above, were affirmative acts intended to cause an impermissible contact of a harmful and/or offensive nature to which the Plaintiffs did not consent, and thus constitute assault and battery under Illinois law.  Further, said acts directly and proximately caused the Plaintiffs to be damaged.

WHEREFORE, the Plaintiffs, RENE MONTANEZ; CHRYSTAL MCGREW; and RICARDO MONTANEZ, respectfully request that this Honorable Court enter judgment in their favor and award them compensatory damages, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT XXI
**(Assault and Battery – State Law Claim Against Officer N. Ramirez)**

117.    Plaintiffs re-allege, reassert and incorporate paragraphs one through thirty-seven of this Complaint as if fully set forth herein.

118.    The acts of Defendant Officer N. Ramirez, as described above, were affirmative acts intended to cause an impermissible contact of a harmful and/or offensive nature to which the Plaintiffs did not consent, and thus constitute assault and battery under Illinois law.  Further, said acts directly and proximately caused the Plaintiffs to be damaged.

WHEREFORE, the Plaintiffs, RENE MONTANEZ; CHRYSTAL MCGREW; and RICARDO MONTANEZ, respectfully request that this Honorable Court enter judgment in their favor and award them compensatory damages, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT XXII
### (Assault and Battery – State Law Claim Against Unknown Defendant Officers)

119.　Plaintiffs re-allege, reassert and incorporate paragraphs one through thirty-seven of this Complaint as if fully set forth herein.

120.　The acts of Unknown Defendant Officers, as described above, were affirmative acts intended to cause an impermissible contact of a harmful and/or offensive nature to which the Plaintiffs did not consent, and thus constitute assault and battery under Illinois law.　Further, said acts directly and proximately caused the Plaintiffs to be damaged.

WHEREFORE, the Plaintiffs, RENE MONTANEZ; CHRYSTAL MCGREW; and RICARDO MONTANEZ, respectfully request that this Honorable Court enter judgment in their favor and award them compensatory damages, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT XXIII
### (Conspiracy to Deprive Constitutional Rights - State Claim Against the Defendant Officers and Officer Gloria Gomez)

121.　Plaintiffs re-allege, reassert and incorporate paragraphs one through thirty-seven of this Complaint as if fully set forth herein.

122.    As described more fully in the preceding paragraphs, the Defendant Officers and Officer Gloria Gomez, acting in concert with each other, conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

123.    In furtherance of the conspiracy, the Defendant Officers and Officer Gloria Gomez committed overt acts and were otherwise willful participants in joint activity.

124.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and was committed for the express purpose and mutual understanding to deprive the Plaintiffs of their Fourth Amendment rights.

125.    This conspiracy was undertaken for the additional purpose of punishing the Plaintiffs for their volatile relationship with Defendant Officer Gloria Gomez.

126.    As a proximate result of the conspiracy, the Plaintiffs have suffered constitutional infringements, pain and suffering, financial damage including legal expense, as well as severe emotional distress and mental anguish.

WHEREFORE, the Plaintiffs, RENE MONTANEZ; CHRYSTAL MCGREW; and RICARDO MONTANEZ, respectfully request that this Honorable Court enter judgment in their favor and award them compensatory damages, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT XXIV
**(Intentional Infliction of Emotional Distress - State Claim Against the Defendant Officers and Officer Gloria Gomez)**

127.    Plaintiffs re-allege, reassert and incorporate paragraphs one through thirty-seven of this Complaint as if fully set forth herein.

128.    The acts and conduct of the Defendant Officers and Officer Gloria Gomez as set forth above were extreme and outrageous.

129.    The Defendant Officers and Officer Gloria Gomez intended to cause, or were in reckless disregard of the probability that the conduct would cause severe emotional distress to the Plaintiffs.

130.    Said actions and conduct did directly and proximately cause severe emotional distress to the Plaintiffs and thereby constituted intentional infliction of emotional distress.

131.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and was committed for the express purpose and mutual understanding to deprive the Plaintiffs of their Fourth Amendment rights.

132.    This conspiracy was undertaken for the additional purpose of punishing the Plaintiffs for their volatile relationship with Defendant Officer Gloria Gomez.

133.    As a proximate result of the conspiracy, the Plaintiffs have suffered constitutional infringements, pain and suffering, financial damage including legal expense, as well as severe emotional distress and mental anguish.

WHEREFORE, the Plaintiffs, RENE MONTANEZ; CHRYSTAL MCGREW; and RICARDO MONTANEZ, respectfully request that this Honorable Court enter judgment in their favor and award them compensatory damages, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT XXV
### (False Arrest – State Law Claim Against the Defendant Officers and Officer Gloria Gomez)

134.    Plaintiffs re-allege, reassert and incorporate paragraphs one through thirty-seven of this Complaint as if fully set forth herein.

135.    The Defendant Officers and Officer Gloria Gomez caused the Plaintiffs to be arrested on March 16, 2007 even though there existed no justifiable basis or probable cause for the Plaintiffs' arrests on that date.

136.    The aforementioned actions of the Defendant Officers and Officer Gloria Gomez restrained the Plaintiffs' liberty, thereby causing them to suffer damages.

WHEREFORE, the Plaintiffs, RENE MONTANEZ; CHRYSTAL MCGREW; and RICARDO MONTANEZ, respectfully request that this Honorable Court enter judgment in their favor and award them compensatory damages, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT XXVI
### (State Claim of Willful and Wanton Conduct Against Defendant Officers and Officer Gloria Gomez)

137.    Plaintiffs re-allege, reassert and incorporate paragraphs one through thirty-seven of this Complaint as if fully set forth herein.

138.    At all times material and relevant, the Defendant Officers and Officer Gloria Gomez owed the Plaintiffs a duty to refrain from engaging in willful and wanton conduct during their interactions, including but not limited to, the Plaintiffs' detention and arrests.

139.    Notwithstanding said duties, the Defendant Officers and Officer Gloria

Gomez engaged in one or more of the following willful and wanton actions:

      a.  Detained and arrested Plaintiffs in an unreasonable and unlawful manner;

      b.  Conspired to violate the Plaintiffs' Fourth Amendment rights; and

      c.  Otherwise acted willfully and wantonly during their interactions with the Plaintiffs.

140.   As a proximate result of the above-referenced conduct, Plaintiffs sustained damages.

WHEREFORE, the Plaintiffs, RENE MONTANEZ; CHRYSTAL MCGREW; and RICARDO MONTANEZ, respectfully request that this Honorable Court enter judgment in their favor and award them compensatory damages, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT XXVII
### (745 ILCS 10/9-102 Claim against the City of Chicago)

141.   Plaintiffs re-allege, reassert and incorporate paragraphs one through one hundred forty of this Complaint as if fully set forth herein.

142.   The City of Chicago was at all times relevant to this Complaint charged with oversight of the Defendant Officers.

143.   The City of Chicago was at all times relevant to this Complaint the employer of the Defendant Officers.

144.   The Defendant Officers committed the acts alleged above under color of law and within the scope of their employment as employees of the City of Chicago.

WHEREFORE, should the Defendant Officers be found liable for the acts alleged in this Complaint, Plaintiff demands that pursuant to 745 ILCS 10/9-102, the City of

Chicago pay any judgment obtained against Defendant Officers in connection with this litigation and such other additional relief, as this Court deems equitable and just.

## COUNT XXVIII
### (State Claims -*Respondeat Superior* Claim Against the City of Chicago)

145.    Plaintiffs re-allege, reassert and incorporate paragraphs one through thirty-seven and one hundred seven through one hundred forty of this Complaint as if fully set forth herein.

146.    The Defendant Officers were at all times relevant to this Complaint employees of the City of Chicago, and engaged in the conduct complained of within the course and scope of their employment.

147.    The City of Chicago is and was at all times material to this Complaint the employer and principal of the Defendant Officers.

148.    The above-referenced acts of the Defendant Officers were within the scope of their employment as Officers with the City of Chicago, and therefore the City of Chicago, as the principal of the Defendant Officers, is liable for the actions of its agents under the doctrine of *respondeat superior.*

WHEREFORE, the Plaintiffs, RENE MONTANEZ; CHRYSTAL MCGREW; and RICARDO MONTANEZ, respectfully request that this Honorable Court enter judgment in their favor and award them compensatory damages, the costs incurred in this matter, and any further relief that this Honorable Court deems fair and just.

Respectfully Submitted,


/s/  Rachelle M. Sorg_____
One of Plaintiffs' Attorneys



ELLIOT RICHARDSON & ASSOCIATES, LLC
20 S. Clark St., Suite 500
Chicago, IL  60603
P: (312) 676-2100
F: (312) 372-7076
ARDC No. 6287455
Date:  March 14, 2008