IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RENE MONTANEZ, CHRYSTAL MCGREW and RICARDO MONTANEZ, | ) ) ) | |
| | ) | No. 08 C 1533 |
| Plaintiffs, | ) ) | |
| | ) | Judge Gettleman |
| v. | ) ) | |
| | ) | Magistrate Judge Mason |
| OFFICER J. OCAMPO, in his individual capacity; OFFICER D. RAMOS, in his individual capacity; OFFICER AGOSTA, in his individual capacity; OFFICER J. TORRES, in his individual capacity; OFFICER GLORIA GOMEZ, in her individual capacity, OFFICER V. O'DONNELL, in her individual capacity; OFFICER N. RAMIREZ, in his individual capacity, UNKNOWN DEFENDANT OFFICERS, in their individual capacities; and the CITY OF CHICAGO, ILLINOIS, | ) ) ) ) ) ) ) ) ) ) ) ) | Jury Demand |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES
AND JURY DEMAND TO PLAINTIFF'S COMPLAINT AT LAW**

Defendant, City of Chicago ("City"), by Mara S. Georges, Corporation Counsel for the City of Chicago, answers the Complaint and states:

**JURISDICTION**

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, the Judicial Code, 28 U.S.C. §1331 and the Constitution of the United States.

**ANSWER:** The City admits that the jurisdiction of the Court over Plaintiffs' federal claims is invoked pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331. The City denies that the United States Constitution provides Plaintiffs with a direct cause of action. The City denies the remainder of the allegations of this paragraph.

## VENUE

2.      Venue is appropriate in the Northern District of Illinois pursuant to 28 U.S.C. § 1391 (b) as at least one of the Defendants resides in Cook County, located in this district.

**ANSWER:**   The City admits the allegations of this paragraph.

## PARTIES

3.      Plaintiff, Rene Montanez, is, and at all times material to this Complaint was, a citizen of the United States.

**ANSWER:**   The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

4.      Plaintiff, Chrystal McGrew, is, and at all times material to this Complaint was, a citizen of the United States.

**ANSWER:**   The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

5.      Plaintiff, Ricardo Montanez, is, and at all times material to this Complaint, was, a citizen of the United States.

**ANSWER:**   The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

6.      Defendant Officer J. Ocampo was at all times material to this Complaint employed by the City of Chicago Police Department. Defendant Officer J. Ocampo was acting under color of law at all times relevant to this Complaint.

**ANSWER:**   The City admits that at all times relevant to Plaintiffs' Complaint, Defendant

Officer J. Ocampo was employed by the City of Chicago Police Department and was acting under color of law.

7. Defendant Officer D. Ramos was at all times material to this Complaint employed by the City of Chicago Police Department. Defendant Officer D. Ramos was acting under color of law at all times relevant to this Complaint.

**ANSWER:** The City admits, at all times relevant to Plaintiffs' complaint, Defendant Officer D. Ramos was employed by the City of Chicago Police Department and was acting under color of law.

8. Defendant Officer Agosta was at all times material to this Complaint employed by the City of Chicago Police Department. Defendant Officer Agosta was acting under color of law at all times relevant to this Complaint.

**ANSWER:** The City admits, at all times relevant to Plaintiffs' complaint, Defendant Officer Agosta was employed by the City of Chicago Police Department. The City is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph.

9. Defendant Officer J. Torres was at all times material to this Complaint employed by the City of Chicago Police Department. Defendant Officer J. Torres was acting under color of law at all times relevant to this Complaint.

**ANSWER:** The City admits, at all times relevant to Plaintiffs' complaint, Defendant Officer J. Torres was employed by the City of Chicago Police Department and was acting under color of law.

10.     Defendant Officer Gloria Gomez was at all times material to this Complaint employed by the City of Chicago Police Department. Defendant Officer Gloria Gomez was acting under color of law at all times relevant to this Complaint.

**ANSWER:**   The City admits that, according to Chicago Police Department ("CPD") records, in or around the date of the incident, Officer Gloria Gomez was a City of Chicago police officer. The City is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph.

11.     Defendant Officer V. O'Donnell was at all times material to this Complaint employed by the City of Chicago Police Department. Defendant Officer V. O'Donnell was acting under color of law at all times relevant to this Complaint.

**ANSWER:**   The City admits, at all times relevant to Plaintiffs' complaint, Defendant Officer V. O'Donnell was employed by the City of Chicago Police Department and was acting under color of law.

12.     Defendant Officer N. Ramirez was at all times material to this Complaint employed by the City of Chicago Police Department. Defendant Officer N. Ramirez was acting under color of law at all times relevant to this Complaint.

**ANSWER:**   The City admits, at all times relevant to Plaintiffs' complaint, Defendant Officer N. Ramirez was employed by the City of Chicago Police Department and was acting under color of law.

13.     Unknown Defendant Officers were at all times material to this Complaint employed by the City of Chicago Police Department. Unknown Defendant Officers were acting under color of law at all times relevant to this Complaint.

**ANSWER:**   The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations in this paragraph.

14. The City of Chicago is a municipal corporation, duly organized under the laws of the State of Illinois, and was at all times material to this action the employer of Officer J. Ocampo, Officer D. Ramos, Officer Agosta, Officer J. Torres, Officer V. O'Donnell, Officer N. Ramirez, and Unknown Defendant Officers (hereinafter the "Defendant Officers"). At all times material to this action, the City of Chicago was also the employer of Officer Gloria Gomez.

**ANSWER:** The City admits that it is a duly incorporated municipal corporation and that it was, at all times relevant to this complaint, an employer of Officer J. Ocampo, Officer D. Ramos, Officer Agosta, Officer J. Torres, Officer V. O'Donnell and Officer N. Ramirez. The City is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph.

## FACTS COMMON TO ALL COUNTS

15. Since around June of 2006, Plaintiffs Rene Montanez and Chrystal McGrew ("Plaintiff McGrew") have had a tumultuous relationship with their downstairs neighbor, Officer Gloria Gomez, a City of Chicago police officer assigned to the 014th District.

**ANSWER:** The City admits, according to CPD records, in or around the date of the incident, Officer Gloria Gomez was a City of Chicago police officer assigned to the 14th District. The City is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph.

16. On March 16, 2007, Officer Gloria Gomez called 911 and falsely accused the Plaintiffs of assaulting her mother.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

17. As a result, two Unknown Defendant Officers responded to Plaintiffs Rene Montanez's and McGrew's residence located at 3439 W. Drummond and waited for Plaintiff Rene Montanez to return home.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

18. Around 12:30 a.m., Plaintiff Rene Montanez and his father, Plaintiff Ricardo Montanez, returned home from a concert and observed the front door of the building was wide open.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

19. Somewhat concerned, Plaintiff Rene Montanez and Plaintiff Ricardo Montanez cautiously entered the building. Upon entry, Plaintiff Rene Montanez inquired as to who was there, however he did not receive a response.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

20. Plaintiff Rene Montanez again inquired as to who was in the building. Suddenly and without warning, the two Unknown Defendant Officers inexplicably threw Plaintiff Rene Montanez against a wall and took him down to the ground and handcuffed him. Shortly thereafter, these Unknown Defendant Officers escorted Plaintiff Rene Montanez to a squad car parked outside the building.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

21. Around this time, Plaintiff McGrew was in the apartment located at 3439 W. Drummond ("apartment") when she heard screaming and yelling coming from the front hallway.

**ANSWER:**   The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

22.   Plaintiff McGrew left the apartment to investigate the noise in the hallway and walked outside the building. At this time, Plaintiff McGrew observed Plaintiff Rene Montanez in a squad car parked outside the building.

**ANSWER:**   The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

23.   The Unknown Defendant Officers advised Plaintiff McGrew that they were at the premises due to an alleged noise violation.

**ANSWER:**   The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

24.   Approximately thirty minutes later, the Unknown Defendant Officers released Plaintiff Rene Montanez from their custody. Plaintiff Rene Montanez was not charged with any crime or offense.

**ANSWER:**   The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

25.   At this time, Plaintiffs went upstairs to their apartment. A short time later, Unknown Defendant Officers pounded on the apartment door. When the officers received no response, they left.

**ANSWER:**   The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

26.     Shortly thereafter, the power in the apartment went out.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

27.     Plaintiff Rene Montanez and Plaintiff Ricardo Montanez left the apartment and went downstairs to the basement to restore the power.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

28.     When Plaintiff Rene Montanez and Plaintiff Ricardo Montanez reached the basement, they were suddenly and violently tackled and brought to the ground by the Defendant Officers.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

29.     Plaintiff McGrew, hearing screaming and yelling, called 911 and then proceeded downstairs to investigate.

**ANSWER:**     The City admits that, according to CPD records, an individual identified as Chrystal McGrew called 911 on March 16, 2007.  The City is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph.

30.     When she arrived downstairs, she witnessed Plaintiff Rene Montanez and Plaintiff Ricardo Montanez handcuffed and on the floor.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

31.     When she inquired into the situation, she was ordered by the Defendant Officers to leave the scene.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

32.     As Plaintiff McGrew was on the telephone with 911, the Defendant Officers forcefully shoved Plaintiff McGrew against a fence - breaking the fence - and tackled her to the ground.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

33.     Plaintiffs Rene Montanez and Ricardo Montanez were arrested for aggravated assault, resisting arrest, and battery.  Plaintiff McGrew was arrested for resisting arrest and aggravated assault.

**ANSWER:**    The City admits that Plaintiff Rene Montanez was arrested and charged with with resisting arrest, 720 ILCS 5/31-1(a), aggravated assault, 720 ILCS 5/12-2(a)(12), and battery, 720 ILCS 5/12-3(a)(1).  The City further admits that Plaintiff Ricardo Montanze was arrested and charged with resisting arrest, 720 ILCS 5/31-1(a), aggravated assault, 720 ILCS 5/12-2(a)(12), and two counts of battery, 720 ILCS 5/12-3(a)(1) and (2).  The City further admits that Plaintiff McGrew was arrested and charged with resisting arrest, 720 ILCS 5/31-1(a) and aggravated assault, 720 ILCS 5/12-2(a)(12).

34.     As a result of the unreasonable actions of the Defendant Officers, the Plaintiffs sustained severe physical injuries.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations in this paragraph.

35.     The force used by the Defendant Officers in effectuating the Plaintiffs' arrests was excessive and unjustified.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

36.     At no time on March 16, 2007, did Plaintiff violate any laws to warrant their arrests by the Defendant Officers.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

37.     The Defendant Officers did not have probable cause to detain and/or arrest the Plaintiffs at any time on March 16, 2007.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## COUNT I
### (Excessive Force - §1983 Claim Against Officer J. Ocampo)

The City is not a party-defendant to count I.  Therefore, it does not answer the allegations in that count.

## COUNT II
### (Excessive Force - §1983 Claim Against Officer D. Ramos)

The City is not a party-defendant to count II.  Therefore, it does not answer the allegations in that count.

## COUNT III
### (Excessive Force - §1983 Claim Against Officer Agosta)

The City is not a party-defendant to count III.  Therefore, it does not answer the allegations in that count.

## COUNT IV
### (Excessive Force -  §1983 Claim Against Officer J. Torres)

The City is not a party-defendant to count IV.  Therefore, it does not answer the allegations in that count.

## COUNT V
### (Excessive Force - §1983 Claim Against Officer V. O'Donnell)

The City is not a party-defendant to count V.  Therefore, it does not answer the allegations in that count.

## COUNT VI
### (Excessive Force - §1983 Claim Against Officer N. Ramirez)

The City is not a party-defendant to count VI.  Therefore, it does not answer the allegations in that count.

## COUNT VII
### (Excessive Force - §1983 Claim Against Unknown Defendant Officers)

The City is not a party-defendant to count VII.  Therefore, it does not answer the allegations in that count.

## COUNT VIII
### (False Imprisonment/Arrest - §1983 Claim Against Officer J. Ocampo)

The City is not a party-defendant to count VII.  Therefore, it does not answer the allegations in that count.

## COUNT IX
**(False Imprisonment/Arrest - §1983 Claim Against Officer D. Ramos)**

The City is not a party-defendant to count IX.  Therefore, it does not answer the allegations in that count.

## COUNT X
**(False Imprisonment/Arrest - §1983 Claim Against Officer Agosta)**

The City is not a party-defendant to count X.  Therefore, it does not answer the allegations in that count.

## COUNT XI
**(False Imprisonment/Arrest - §1983 Claim Against Officer J. Torres)**

The City is not a party-defendant to count XI.  Therefore, it does not answer the allegations in that count.

## COUNT XII
**(False Imprisonment/Arrest - §1983 Claim Against Officer V. O'Donnell)**

The City is not a party-defendant to count XII.  Therefore, it does not answer the allegations in that count.

## COUNT XIII
**(False Imprisonment/Arrest - §1983 Claim Against Officer N. Ramirez)**

The City is not a party-defendant to count XIII.  Therefore, it does not answer the allegations in that count.

## COUNT XIV
**(False Imprisonment/Arrest - §1983 Claim Against Unknown Defendant Officers)**

The City is not a party-defendant to count XIV.  Therefore, it does not answer the allegations in that count.

## COUNT XV
### (Conspiracy to Deprive Constitutional Rights - §1983 Claim Against the Defendant Officers and Officer Gloria Gomez)

The City is not a party-defendant to count XV. Therefore, it does not answer the allegations in that count.

## COUNT XVI
### (Assault and Battery - State Law Claim Against Officer J. Ocampo)

The City is not a party-defendant to count XVI. Therefore, it does not answer the allegations in that count.

## COUNT XVII
### (Assault and Battery - State Law Claim Against Officer D. Ramos)

The City is not a party-defendant to count XVII. Therefore, it does not answer the allegations in that count.

## COUNT XVIII
### (Assault and Battery - State Law Claim Against Officer Agosta)

The City is not a party-defendant to count XVIII. Therefore, it does not answer the allegations in that count.

## COUNT XIX
### (Assault and Battery – State Law Claim Against Officer J. Torres)

The City is not a party-defendant to count XIX. Therefore, it does not answer the allegations in that count.

## COUNT XX
### (Assault and Battery - State Law Claim Against Officer V. O'Donnell)

The City is not a party-defendant to count XX. Therefore, it does not answer the allegations in that count.

### COUNT XXI
### (Assault and Battery - State Law Claim Against Officer N. Ramirez)

The City is not a party-defendant to count XXI. Therefore, it does not answer the allegations in that count.

### COUNT XXII
### (Assault and Battery - State Law Claim Against Unknown Defendant Officers)

The City is not a party-defendant to count XXII. Therefore, it does not answer the allegations in that count.

### COUNT XXIII
### (Conspiracy to Deprive Constitutional Rights - State Claim Against the Defendant Officers and Officer Gloria Gomez)

The City is not a party-defendant to count XXIII. Therefore, it does not answer the allegations in that count.

### COUNT XXIV
### (Intentional Infliction of Emotional Distress - State Claim Against the Defendant Officers and Officer Gloria Gomez)

The City is not a party-defendant to count XXIV. Therefore, it does not answer the allegations in that count.

### COUNT XXV
### (False Arrest - State Law Claim Against the Defendant Officers and Officer Gloria Gomez)

The City is not a party-defendant to count XXV. Therefore, it does not answer the allegations in that count.

### COUNT XXVI
### (State Claim of Willful and Wanton Conduct Against Defendant Officers and Officer Gloria Gomez)

The City is not a party-defendant to count XXVI. Therefore, it does not answer the

allegations in that count.

## COUNT XXVII
### (745ILCS 10/9-102 Claim against the City of Chicago)

141.    Plaintiffs re-allege, reassert and incorporate paragraphs one through one hundred forty of this Complaint as if fully set forth herein.

**ANSWER:**    The City re-alleges, reasserts and incorporates its answers to paragraphs 1 through 37 above, as if fully set forth herein.  Paragraphs 38 - 140 of Plaintiff's Complaint assert allegations not directed towards the City, thus the City does not answer the allegations in those paragraphs.

142.    The City of Chicago was at all times relevant to this Complaint charged with oversight of the Defendant Officers.

**ANSWER:**    The allegation that the City is "charged with oversight of the Defendant Officers" is vague, incomplete and/or inaccurate; therefore, this allegation is denied.

143.    The City of Chicago was at all times relevant to this Complaint the employer of the Defendant Officers.

**ANSWER:**    The City admits that at all times relevant to this complaint, it was an employer of Officer J. Ocampo, Officer D. Ramos, Officer Agosta, Officer J. Torres, Officer V. O'Donnell and Officer N. Ramirez .  The City further admits that, according to CPD records, in or around the date of the incident, it was an employer of Officer Gloria Gomez.  The City is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph.

144.    The Defendant Officers committed the acts alleged above under color of law and within the scope of their employment as employees of the City of Chicago.

**ANSWER:**    The City admits that Officer J. Ocampo, Officer D. Ramos, Officer J. Torres, Officer V. O'Donnell and Officer N. Ramirez were acting, at all times relevant to this complaint, under color of law and within the scope of their employment as employees of the City. The City is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph.

**COUNT XXVIII**
**(State Claims -*Respondeat Superior* Claim Against the City of Chicago)**

145.    Plaintiffs re-allege, reassert and incorporate paragraphs one through thirty-seven and one hundred seven through one hundred forty of this Complaint as if fully set forth herein.

**ANSWER:**    The City re-alleges, reasserts and incorporates its answers to paragraphs 1 through 37 above, as if fully set forth herein. Paragraphs 38 - 140 of Plaintiff's Complaint assert allegations not directed towards the City, thus the City does not answer the allegations in those paragraphs.

146.    The Defendant Officers were at all times relevant to this Complaint employees of the City of Chicago, and engaged in the conduct complained of within the course and scope of their employment.

**ANSWER:**    The City admits that Officer J. Ocampo, Officer D. Ramos, Officer Agosta, Officer J. Torres, Officer V. O'Donnell and Officer N. Ramirez were at all times relevant to this complaint employees of the City of Chicago and, at all times relevant to the Complaint, acting within the course and scope of their employment. The City further admits that, according to CPD records,

in or around the date of the incident, Officer Gloria Gomez was an employee of the City. The City is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph.

147.   The City of Chicago is and was at all times material to this Complaint the employer and principal of the Defendant Officers.

**ANSWER:**   The City admits that at all times relevant to this complaint, it was an employer of Officer J. Ocampo, Officer D. Ramos, Officer Agosta, Officer J. Torres, Officer V. O'Donnell and Officer N. Ramirez. The City further admits that, according to CPD records, in or around the date of the incident, it was an employer of Officer Gloria Gomez. The City is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph.

148.   The above-referenced acts of the Defendant Officers were within the scope of their employment as Officers with the City of Chicago, and therefore the City of Chicago, as the principal of the Defendant Officers, is liable for the actions of its agents under the doctrine of *respondeat superior*.

**ANSWER:**   The allegations that the "[City], as the principal of the Defendant Officers, is liable for the actions of its agents under the doctrine of *respondeat superior*," is a vague, incomplete and/or inaccurate statement of the City's liability under this doctrine; therefore, this allegation is denied. The City is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph.

## AFFIRMATIVE DEFENSES

1.      To the extent any injuries or damages claimed by Plaintiffs was proximately caused, in whole or in part, by any action of the Defendant Officers that was outside the scope of their employment, the City cannot be held liable. 745 ILCS 10/9-102.

2.      Plaintiffs have a duty to mitigate their damages, and any damages awarded to Plaintiffs would be required to be reduced by any amount by which the damages could have been lessened by Plaintiffs' failure to take reasonable action to minimize those damages.

3.      To the extent any injuries or damages claimed by Plaintiffs was proximately caused, in whole or in part, by any wrongful conduct on the part of the plaintiffs, any verdict or judgment obtained by Plaintiffs based on any finding of "reckless" willful and wanton behavior, as opposed to "intentional" willful and wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiffs by the jury in this case. See *People of City of Rollings Meadows*, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill. Dec. 171 (Ill. 1995).

4.      One basis for liability against the City is a claim for indemnity. 745 ILCS 10/9-102. If the Defendant Officers are found not liable to the Plaintiffs, the City is not liable to the Plaintiffs. 745 ILCS 10/2-109.

## JURY DEMAND

The Defendant, City of Chicago, requests trial by jury.

Respectfully submitted,

                                        MARA S. GEORGES,
                                        CORPORATION COUNSEL

                                            CITY OF CHICAGO

                              By:   */s/ Kathleen D. Manion*
                                        KATHLEEN MANION
                                        Assistant Corporation Counsel

30 N. LaSalle St., Suite 1020
Chicago, Illinois 60602
(312) 742-9866
Attorney No.  06286785