**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

# 08 C 1533

RENE MONTANEZ, CHRYSTAL MCGREW, and )
RICARDO MONTANEZ )

     Plaintiffs,

**v.**

     Case No.

OFFICER J. OCAMPO, in his individual capacity )
OFFICER D. RAMOS, in his individual capacity
)
OFFICER AGOSTA, in his individual capacity;    )
OFFICER J. TORRES, in his individual capacity; )
OFFICER GLORIA GOMEZ, in her individual capacity;)
OFFICER V. O'DONNELL; in her individual capacity; )
OFFICER N. RAMIREZ, in his individual capacity;
UNKNOWN DEFENDANT OFFICERS, in their
individual capacities; and the CITY OF CHICAGO,
ILLINOIS

     Defendants.

     JUDGE GETTLEMAN
     MAGISTRATE JUDGE MASON

<u>Jury Demand</u>

## COMPLAINT AT LAW

NOW COME the Defendants, OFFICER J. OCAMPO;

OFFICER AGOSTA; OFFICER J. TORRES; OFFICER

O'DONNELL; OFFICER N. RAMIREZ; OFFICER RAMOS    **rn**

and state as follows:

### JURISDICTION

1.     The jurisdiction of this Court is invoked pursuant to the Civil Rights

Act, 42 U.S.C. § 1983, the Judicial Code, 28 U.S.C. §1331 and the Constitution

of the United States.

     **Answer:**    Defendants admit the allegations of paragraph one.

### VENUE

2.     Venue is appropriate in the Northern District of Illinois pursuant

to 28 U.S.C § 1391(b) as at least one of the Defendants resides in Cook

County, located in this district.

**Answer:**      Defendants admit the allegations of paragraph two.

## PARTIES

3.      Plaintiff, Rene Montanez, is, and at all times material to this Complaint

was, a citizen of the United States.

**Answer:**      Defendants are without sufficient knowledge to form a belief as to

the allegations of paragraph three.

4.      Plaintiff, Chrystal McGrew, is, and at all times material to this Complaint

was, a citizen of the United States.

**Answer:**      Defendants are without sufficient knowledge to form a belief as

to the allegations of paragraph four.

5.      Plaintiff, Ricardo Montanez, is, and at all times material to this Complaint,

was, a citizen of the United States.

**Answer:**      Defendants are without sufficient knowledge to form a belief as to

the allegations of paragraph five.

6.      Defendant Officer J. Ocampo was at all times material to this Complaint

employed by the City of Chicago Police Department. Defendant

Officer J. Ocampo was acting under color of law at all times relevant

to this Complaint.

**Answer:**      Defendants admit the allegations of paragraph six.

7.      Defendant Officer D. Ramos was at all times material to this Complaint

employed by the City of Chicago Police Department.  Defendant

Officer D. Ramos was acting under color of law at all times relevant

to this Complaint.

**Answer:**Defendants admit the allegations of paragraph seven.

8.      Defendant Officer Agosta was at all times material to this Complaint

employed by the City of Chicago Police Department.   Defendant

Officer Agosta was acting under color of law at all times relevant to

this Complaint.

**Answer:** Defendants admit the allegations of paragraph eight.

9.      Defendant Officer J. Torres was at all times material to this Complaint

employed by the City of Chicago Police Department.  Defendant

Officer J. Torres was acting under color of law at all times relevant

to this Complaint.

**Answer:** Defendants admit the allegations of paragraph nine.

10.      Defendant Officer Gloria Gomez was at all times material to this Complaint

employed by the City of Chicago Police Department.  Defendant

Officer Gloria Gomez was acting under color of law at all times

relevant to this Complaint.

**Answer:** Defendants deny the allegations of paragraph ten.

11.      Defendant Officer V. O'Donnell was at all times material to this Complaint

employed by the City of Chicago Police Department.   Defendant

Officer V. O'Donnell was acting under color of law at all times

relevant to this Complaint.

**Answer:** Defendants admit the allegations of paragraph eleven.

12.      Defendant Officer N. Ramirez was at all times material to this Complaint

employed by the City of Chicago Police Department. Defendant

Officer N. Ramirez was acting under color of law at all times relevant

to this Complaint.

**Answer:**        Defendants admit the allegations of paragraph

twelve.

13.    Unknown Defendant Officers were at all times material to this Complaint employed by the City of Chicago Police Department. Unknown Defendant Officers were acting under color of law at all times relevant to this Complaint.

**Answer**: Defendants are without sufficient knowledge to form a belief as to the allegations of paragraph thirteen.

14.    The City of Chicago is a municipal corporation, duly organized under the laws of the State of Illinois, and was at all times material to this action the employer of Officer J. Ocampo, Officer D. Ramos, Officer Agosta, Officer J. Torres, Officer V. O'Donnell, Officer N. Ramirez, and Unknown Defendant Officers (hereinafter the "Defendant Officers").    At all times material to this action, the City of Chicago was also the employer of Officer Gloria Gomez.

**Answer**:    Defendants admit that the City of Chicago is a municipal corporation, duly organized under the laws of the State of Illinois, and the Defendants further admit that at all times material to this action the City of Chicago was the employer of Officer J. Ocampo, Officer D. Ramos, Officer Agosta, Officer J. Torres, Officer V. O'Donnell, and Officer N. Ramirez.  The Defendant are without sufficient knowledge to form a belief as to unknown defendant Officers and Officer Gomez.

**FACTS COMMON TO ALL COUNTS**

Since around June of 2006, Plaintiffs Rene Montanez and Chrystal

15.

McGrew ("Plaintiff McGrew") have had a tumultuous relationship with their downstairs

neighbor, Officer Gloria Gomez, a City of Chicago police officer assigned to

the 014th District.

Answer: Defendants are without sufficient knowledge to form a belief as to the

allegations of paragraph fifteen.

16.    On March 16, 2007, Officer Gloria Gomez called 911 and falsely accused

the Plaintiffs of assaulting her mother.

Answer: Defendants deny the allegations of paragraph sixteen.

17.    As a result, two Unknown Defendant Officers responded to Plaintiffs Rene

Montanez's and McGrew's residence located at 3439 W. Drummond and

waited for Plaintiff Rene Montanez to return home.

Answer: Defendants are without sufficient knowledge to form a belief as to the

allegations of paragraph seventeen.

18.    Around 12:30 a.m., Plaintiff Rene Montanez and his father, Plaintiff

Ricardo Montanez, returned home from a concert and observed the front

door of the building was wide open.

Answer: Defendants are without sufficient knowledge to form a belief as to the

allegations of paragraph eighteen.

19.    Somewhat concerned, Plaintiff Rene Montanez and Plaintiff Ricardo

Montanez cautiously entered the building. Upon entry, Plaintiff Rene

Montanez inquired as to who was there, however he did not receive a

response.

Answer: Defendants are without sufficient knowledge to form a belief as to the

allegations of paragraph nineteen.

20.    Plaintiff Rene Montanez again inquired as to who was in the building.

Suddenly and without warning, the two Unknown Defendant Officers

inexplicably threw Plaintiff Rene Montanez against a wall and took him

down to the ground and handcuffed

him.    Shortly thereafter, these Unknown Defendant Officers escorted

Plaintiff Rene Montanez to a squad car parked outside the building.

   **Answer:**               Defendants are without sufficient knowledge to form a

belief as to the allegations of paragraph twenty.

21.    Around this time, Plaintiff McGrew was in the apartment located at 3439

W. Drummond ("apartment") when she heard screaming and yelling

coming from the front hallway.

   **Answer:**     Defendants are without sufficient knowledge to form a belief as

to the allegations of paragraph twenty-one.

22.    Plaintiff McGrew left the apartment to investigate the noise in the hallway

and walked outside the building. At this time, Plaintiff McGrew observed

Plaintiff Rene Montanez in a squad car parked outside the building.

   **Answer:**     Defendants are without sufficient knowledge to form a belief as

to the allegations of paragraph twenty-two.

23.    The Unknown Defendant Officers advised Plaintiff McGrew that they were

at the premises due to an alleged noise violation.

   **Answer:**Defendants are without sufficient knowledge to form a belief as to the

allegations of paragraph twenty-three.

24.    Approximately thirty minutes later, the Unknown Defendant Officers

released Plaintiff Rene Montanez from their custody.  Plaintiff Rene

Montanez was not      charged with any crime or offense.

   **Answer:**     Defendants are without sufficient knowledge to form a belief as

to the allegations of paragraph twenty-four.

25.    At this time, Plaintiffs went upstairs to their apartment. A short time later,

Unknown Defendant Officers pounded on the apartment door.    When the officers received no response, they left.

**Answer:** Defendants are without sufficient knowledge to form a belief as to the allegations of paragraph twenty-five.

26. Shortly thereafter, the power in the apartment went out.

**Answer:** Defendants are without sufficient knowledge to form a belief as to the allegations of paragraph twenty-six.

27. Plaintiff Rene Montanez and Plaintiff Ricardo Montanez left the apartment and went downstairs to the basement to restore the power.

**Answer:** Defendants are without sufficient knowledge to form a belief as to the allegations of paragraph twenty-seven.

28. When Plaintiff Rene Montanez and Plaintiff Ricardo Montanez reached the basement, they were suddenly and violently tackled and brought to the ground by the Defendant Officers.

**Answer:** Defendants deny the allegations of paragraph twenty-eight.


Plaintiff McGrew, hearing screaming and yelling, called 911 and then

29.

proceeded downstairs to investigate.

**Answer:** Defendants are without sufficient knowledge to form a belief as to the allegations of paragraph twenty-nine.

30. When she arrived downstairs, she witnessed Plaintiff Rene Montanez and Plaintiff Ricardo Montanez handcuffed and on the floor.

**Answer:** Defendants deny the allegations of paragraph thirty.

31. When she inquired into the situation, she was ordered by the Defendant Officers to leave the scene.

**Answer:**Defendants admit Ms. McGrew was asked to not to interfere with official police business and Ms. McGrew in response physically assaulted Officer Ocampo.

32.    As Plaintiff McGrew was on the telephone with 911, the Defendant Officers forcefully shoved Plaintiff McGrew against a fence - breaking the fence - and tackled her to the ground.

**Answer:**Defendants deny the allegations of paragraph thirty-two.

33.    Plaintiffs  Rene  Montanez  and   Ricardo  Montanez were  arrested  for aggravated assault, resisting arrest, and battery.   Plaintiff McGrew was arrested for resisting arrest and aggravated assault.

**Answer:**Defendants admit the allegations of paragraph thirty-three.

34.    As a result of the unreasonable actions of the Defendant Officers, the Plaintiffs sustained severe physical injuries.

**Answer:**Defendants deny the allegations of paragraph thirty-four.

35.    The force used by the Defendant Officers in effectuating the Plaintiffs' arrests was excessive and unjustified.

**Answer:**Defendants deny the allegations of paragraph thirty-five.

36.    At no time on March 16, 2007, did Plaintiff violate any laws to warrant their arrests by the Defendant Officers.

**Answer:**Defendants deny the allegations of paragraph thirty-six.

37.    The Defendant Officers did not have probable cause to detain and/or arrest the Plaintiffs at any time on March 16, 2007.

**Answer:**        Defendants deny the allegations of paragraph thirty-seven.


**COUNT I**
**(Excessive Force - §1983 Claim Against**
**Officer J. Ocampo)**

38.   Plaintiffs re-allege, reassert and incorporate paragraphs one through thirty-seven of this Complaint as if fully set forth herein.

   **Answer:** Defendants re-assert their answers to paragraph one through thirty-seven as their answer to paragraph thirty-eight as though fully set forth herein.

39.   This Count is brought pursuant to 42 U.S.C. § 1983 and the Constitution of the United States.

   **Answer:** Defendants admit the allegations of paragraph thirty-nine.

40.   The Defendant Officer's actions amounted to an excessive use of force unto the Plaintiffs and violated their Fourth Amendment rights.

   **Answer:**     Defendants deny the allegations of paragraph forty.

41.   The above-referenced actions of the Defendant constitute and amount to an excessive use of force in violation of 42 U.S.C. § 1983 and the United States Constitution.

   **Answer:**     Defendants deny the allegations of paragraph forty-one.

42.   The aforementioned actions of Defendant Officer J. Ocampo were the direct and proximate cause of the constitutional violations set forth above.

   **Answer:**     Defendants deny Officer Ocampo committed any acts that would give rise to a constitutional violation and deny that the plaintiffs suffered any constitutional violations.

WHEREFORE, the Defendants, Officers, OCAMPO, RAMOS, O'DONNELL, RAMIREZ, AGOSTO and TORRES respectfully request that this Honorable Court enter judgment in their favor and against the Plaintiffs and award the Defendants the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

<u>**COUNT II**</u> **(Excessive Force - §1983 Claim Against Officer D. Ramos)**

43.    Plaintiffs re-allege, reassert and incorporate paragraphs one through thirty-seven of this Complaint as if fully set forth herein.

> **Answer:**    Defendants re-assert their answers to paragraph one through thirty-seven as their answer to paragraph forty-three as though fully set forth herein.

44.    This Count is brought pursuant to 42 U.S.C. § 1983 and the Constitution of the United States.

> **Answer:**    Defendants admit the allegations of paragraph forty-four.

45.    The Defendant Officer's actions amounted to an excessive use of force unto the Plaintiffs and violated their Fourth Amendment rights.

> **Answer:**    Defendants deny the allegations of paragraph forty-five.

46.    The above-referenced actions of the Defendant constitute and amount to an excessive use of force in violation of 42 U.S.C. § 1983 and the United States Constitution.

> **Answer:** Defendants deny the allegations of paragraph forty-six.

47.    The aforementioned actions of Defendant Officer D. Ramos were the direct and proximate cause of the constitutional violations set forth above.

> **Answer:** Defendants deny Officer Ramos committed any acts that would give rise to a constitutional violation and deny that the plaintiffs suffered any constitutional violations.

WHEREFORE, the Defendants, Officers, OCAMPO, RAMOS, O'DONNELL, RAMIREZ, AGOSTO and TORRES respectfully request that this Honorable Court enter judgment in their favor and against the Plaintiffs and award the Defendants the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

**COUNT III (Excessive Force - §1983 Claim Against Officer Agosta)**

48.    Plaintiffs re-allege, reassert and incorporate paragraphs one through thirty-seven of this Complaint as if fully set forth herein.

**Answer:** Defendants re-assert their answers to paragraphs one through thirty-seven as their answer to paragraph forty-eight as though fully set forth herein.

49.    This Count is brought pursuant to 42 U.S.C. § 1983 and the Constitution of the United States.

**Answer:**    Defendants admit the allegations of paragraph forty-nine.

50.    The Defendant Officer's actions amounted to an excessive use of force unto the Plaintiffs and violated their Fourth Amendment rights.

**Answer:**    Defendants deny the allegations of paragraph fifty.

The above-referenced actions of the Defendant constitute and amount to

51.

an excessive use of force in violation of 42 U.S.C. § 1983 and the United States Constitution.

**Answer:** Defendants deny the allegations of paragraph fifty-one.

52.    The aforementioned actions of Defendant Officer Agosta were the direct and proximate cause of the constitutional violations set forth above.

**Answer:** Defendants deny Officer Agosta committed any acts that would give rise to a constitutional violation and deny that the plaintiffs suffered any constitutional violations.

WHEREFORE,  the  Defendants,  Officers,  OCAMPO,  RAMOS,  O'DONNELL, RAMIREZ, AGOSTO and  TORRES respectfully request that this Honorable Court enter judgment in their favor and against the Plaintiffs and award the Defendants the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

**COUNT IV (Excessive Force - §1983**
**Claim Against Officer J. Torres)**

53.    Plaintiffs re-allege, reassert and incorporate paragraphs one through thirty-

seven of this Complaint as if fully set forth herein.

**Answer:**Defendants re-assert their answers to paragraphs one through thirty-

seven as their answer to paragraph fifty-three as though fully set forth

herein.

54.    This Count is brought pursuant to 42 U.S.C. § 1983 and the Constitution

of the United States.

**Answer:**Defendants admit the allegations of paragraph fifty-four.

55.    The Defendant Officer's actions amounted to an excessive use of force

unto the Plaintiffs and violated their Fourth Amendment rights.

**Answer:**Defendants deny the allegations of paragraph fifty-five.

56.    The above-referenced actions of the Defendant constitute and amount to

an excessive use of force in violation of 42 U.S.C. § 1983 and the

United States  Constitution.

**Answer**:Defendants deny the allegations of paragraph fifty-six.

57.    The aforementioned actions of Defendant Officer J. Torres were the direct

and proximate cause of the constitutional violations set forth above.

**Answer:**Defendants deny Officer Torres committed any acts that would give rise

to a constitutional violation and deny that the plaintiffs suffered any

constitutional violations.


WHEREFORE, the Defendants, Officers, OCAMPO, RAMOS, O'DONNELL, RAMIREZ,

AGOSTO and TORRES respectfully request that this Honorable Court enter judgment in their

favor and against the Plaintiffs and award the Defendants the costs incurred in this matter

and any further relief that this Honorable Court deems fair and just.

**COUNT V (**Excessive Force - §1983
**Claim Against Officer V. O'Donnell)**

58.    Plaintiffs re-allege, reassert and incorporate paragraphs one through thirty-

seven of this Complaint as if fully set forth herein.

**Answer:**Defendants re-assert their answers to paragraphs one through thirty-

seven as their answer to paragraph fifty-eight as though fully set forth

herein.

59.    This Count is brought pursuant to 42 U.S.C. § 1983 and the Constitution

of the United States.

**Answer:**Defendants admit the allegations of paragraph fifty-nine.

60.    The Defendant Officer's actions amounted to an excessive use of force

unto the Plaintiffs and violated their Fourth Amendment rights.

**Answer:**Defendants deny the allegations of paragraph sixty.

61.    The above-referenced actions of the Defendant constitute and amount to

an excessive use of force in violation of 42 U.S.C. § 1983 and the

United States  Constitution.

**Answer:**Defendants deny Officer O'Donnell committed any acts that would give

rise to a constitutional violation and deny that the plaintiffs suffered any

constitutional violations

62.    The aforementioned actions of Defendant Officer V. O'Donnell were the

direct and proximate cause of the constitutional violations set forth above.

**Answer:** Defendants deny Officer O'Donnell committed any acts that would give

rise to a constitutional violation and deny that the plaintiffs suffered any

constitutional violations

WHEREFORE, the Defendants, Officers, OCAMPO, RAMOS, O'DONNELL,

RAMIREZ, AGOSTO and  TORRES respectfully request that this Honorable Court enter judgment in their favor and against the Plaintiffs and award the Defendants the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

### COUNT VI (Excessive Force - §1983 Claim Against Officer N. Ramirez)

63.    Plaintiffs re-allege, reassert and incorporate paragraphs one through thirty- seven of this Complaint as if fully set forth herein.

   **Answer:**    Defendants re-assert their answers to paragraphs one through thirty-seven as their answer to paragraph sixty-three as though fully set forth herein.

64.    This Count is brought pursuant to 42 U.S.C. § 1983 and the Constitution of the United States.

   **Answer:**    Defendants admit the allegations of paragraph sixty-four.

65.    The Defendant Officer's actions amounted to an excessive use of force unto the Plaintiffs and violated their Fourth Amendment rights.

   **Answer:**    Defendants deny the allegations of paragraph sixty-five.

66.    The above-referenced actions of the Defendant constitute and amount to an excessive use of force in violation of 42 U.S.C. § 1983 and the United States        Constitution.

   **Answer:** Defendants deny the allegations of paragraph sixty-six.

67. The aforementioned actions of Defendant Officer N. Ramirez were the direct and proximate cause of the constitutional violations set forth above.

   **Answer:** Defendants deny Officer Ramirez committed any acts that would give rise to a constitutional violation and deny that the plaintiffs suffered any constitutional violations

WHEREFORE,  the   Defendants,   Officers,   OCAMPO,   RAMOS,

O'DONNELL, RAMIREZ, AGOSTO and  TORRES respectfully request that this Honorable Court enter judgment in their favor and against the Plaintiffs and award the Defendants the costs incurred in this matter and any further relief that this Honorable Court deems fair and just

## COUNT VII (Excessive Force - §1983 Claim Against Unknown Defendant Officers)

68.   Plaintiffs re-allege, reassert and incorporate paragraphs one through thirty-seven of this Complaint as if fully set forth herein.

> **Answer:**      Defendants re-assert their answers to paragraphs one through thirty-seven as their answer to paragraph sixty-eight as though fully set forth herein.

This Count is brought pursuant to 42 U.S.C. § 1983 and the Constitution

69.

of the United States.

> **Answer:**      Defendants admit the allegations of paragraph sixty-nine.

70.   The Unknown Defendant Officers' actions amounted to an excessive use of force unto the Plaintiffs and violated their Fourth Amendment rights.

> **Answer:**      Defendants are without knowledge to form a belief as to the allegations of paragraph seventy.

71.   The above-referenced actions of the Defendants constitute and amount to an excessive use of force in violation of 42 U.S.C. § 1983 and the United States Constitution.

> **Answer:**      Defendants are without knowledge to form a belief as to the allegations as to unknown Officers but deny the allegations as to themselves as named Defendant

Officers.

72.     The aforementioned actions of the Unknown Defendant Officers were the direct and proximate cause of the constitutional violations set forth above.

**Answer:**        Defendants are without knowledge to form a belief as to paragraph seventy-two.

WHEREFORE, the Defendants, Officers, OCAMPO, RAMOS, O'DONNELL, RAMIREZ, AGOSTO and TORRES respectfully request that this Honorable Court enter judgment in their favor and against the Plaintiffs and award the Defendants the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT VIII (False Imprisonment/Arrest - §1983 Claim Against Officer J. Ocampo)

73.     Plaintiffs re-allege, reassert and incorporate paragraphs one through thirty-seven of this Complaint as if fully set forth herein.

**Answer:**        Defendants re-assert their answers to paragraphs one through thirty-seven as their answer to paragraph seventy-three as though fully set forth herein.

74.     This Count is brought pursuant to 42 U.S.C. § 1983 and the Constitution of the United States.

**Answer:**        Defendants admit the allegations of paragraph seventy-four.

75.     Defendant Officer J. Ocampo caused the Plaintiffs to be detained and imprisoned on March 16, 2007 even though he was devoid of any justifiable basis and lacked probable cause for said detention in violation of the Fourth Amendment of the

United States Constitution. Defendant Officer J. Ocampo's false imprisonment of    Plaintiffs constituted an unlawful seizure.

**Answer:**    Defendants deny the allegations of paragraph seventy-five.

76.    The aforementioned actions of Defendant Officer J. Ocampo proximately caused the Plaintiffs to be deprived of their Fourth Amendment right to be free from  arrest and imprisonment lacking probable cause and caused them to be unlawfully    detained and imprisoned against their will.   Plaintiffs were aware of this unlawful    detention. This caused Plaintiffs to be damaged.

**Answer:**    Defendants deny that Officer Ocampo committed any acts that would deprive the plaintiffs of their Fourth Amendment rights and further deny the remaining allegations of paragraph seventy-six.

WHEREFORE,  the  Defendants,  Officers,  OCAMPO,  RAMOS, O'DONNELL, RAMIREZ, AGOSTO and  TORRES respectfully request that this Honorable Court enter judgment in their favor and against the Plaintiffs and award the Defendants the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

**COUNT IX (False Imprisonment/Arrest**
**- §1983 Claim Against Officer D. Ramos)**

77.    Plaintiffs re-allege, reassert and incorporate paragraphs one through thirty-seven of this Complaint as if fully set forth herein.

**Answer:**    Defendants re-assert their answers to paragraphs one through thirty-seven as their answer to paragraph seventy-seven as though fully set forth herein.

78.    This Count is brought pursuant to 42 U.S.C. § 1983 and the Constitution of the United States.

**Answer:**        Defendants admit the allegations of paragraph seventy-eight.

79.    Defendant Officer D. Ramos caused the Plaintiffs to be detained and imprisoned on March 16, 2007 even though he was devoid of any justifiable basis and lacked probable cause for said detention in violation of the Fourth Amendment of the United States Constitution. Defendant Officer D. Ramos' false imprisonment of Plaintiffs constituted an unlawful seizure.

**Answer:**                Defendants deny the allegations of paragraph seventy-nine.

80.    The aforementioned actions of Defendant Officer D. Ramos proximately

caused the Plaintiffs to be deprived of their Fourth Amendment right to be free from arrest and imprisonment lacking probable cause and caused them to be unlawfully detained and imprisoned against their will. Plaintiffs were aware of this unlawful detention. This caused Plaintiffs to be damaged.

**Answer:**    Defendant Officer Ramos denies committing any act which would deprive the plaintiffs of their Fourth Amendment rights and further denies the remaining allegations of paragraph eighty.

WHEREFORE, the Defendants, Officers, OCAMPO, RAMOS, O'DONNELL, RAMIREZ, AGOSTO and  TORRES respectfully request that this Honorable Court enter judgment in their favor and against the Plaintiffs and award the Defendants the costs incurred in this matter and any further relief that this

Honorable Court deems fair and just.

<u>**COUNT X**</u> **(False Imprisonment/Arrest -**
**§1983 Claim Against Officer Agosta)**

81.    Plaintiffs re-allege, reassert and incorporate paragraphs one through

thirty-seven of this Complaint as if fully set forth herein.

**Answer:**        Defendants re-assert their answers to paragraphs one

through thirty-seven as their answer to paragraph eighty-

one as though fully set forth herein.

82.    This Count is brought pursuant to 42 U.S.C. § 1983 and the Constitution

of the United States.

**Answer:**        Defendants admit the allegations of paragraph eighty-

two.

83.    Defendant Officer Agosta caused the Plaintiffs to be detained and

imprisoned on March 16, 2007 even though he was devoid of any

justifiable basis and lacked probable cause for said detention in

violation of the Fourth Amendment of the United States Constitution.

Defendant Officer Agosta's false imprisonment of Plaintiffs

constituted an unlawful seizure.

**Answer:**        Defendants deny that Officer Agosta committed any act

that would deprive the plaintiffs of their Fourth Amendment

rights and further deny the remaining allegations of

paragraph eighty-three.

84.    The aforementioned actions of Defendant Officer Agosta proximately

caused the Plaintiffs to be deprived of their Fourth Amendment right to be free from

arrest and imprisonment lacking probable cause and caused them to be

unlawfully

detained and imprisoned against their will.    Plaintiffs were aware of this unlawful detention. This caused Plaintiffs to be damaged.

> **Answer:**          Defendants deny that Officer Agosta committed any act that would deprive the plaintiffs of their Fourth Amendment rights and further deny the remaining allegations of paragraph eighty-four.

WHEREFORE, the Defendants, Officers, OCAMPO, RAMOS, O'DONNELL, RAMIREZ, AGOSTO and TORRES respectfully request that this Honorable Court enter judgment in their favor and against the Plaintiffs and award the Defendants the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

**COUNT XI (False Imprisonment/Arrest - §1983 Claim Against Officer J. Torres)**

85.    Plaintiffs re-allege, reassert and incorporate paragraphs one through thirty-seven of this Complaint as if fully set forth herein.

> **Answer:**          Defendants re-assert their answers to paragraphs one through thirty-seven as their answer to paragraph eighty-five as though fully set forth herein.

86.    This Count is brought pursuant to 42 U.S.C. § 1983 and the Constitution of the United States.

> **Answer:**          Defendants admit the allegations of paragraph eighty-six.

87.    Defendant Officer J. Torres caused the Plaintiffs to be detained and imprisoned on March 16, 2007 even though he was devoid of any justifiable basis and

lacked probable cause for said detention in violation of the Fourth Amendment of the United States Constitution. Defendant Officer J. Torres' false imprisonment of Plaintiffs constituted an unlawful seizure.

**Answer:**    Defendants deny that Officer Torres committed any act that would deprive the plaintiffs of their Fourth Amendment rights and further deny all the remaining allegations .

88.   The aforementioned actions of Defendant Officer J. Torres proximately caused the Plaintiffs to be deprived of their Fourth Amendment right to be free from arrest and imprisonment lacking probable cause and caused them to be unlawfully

detained and imprisoned against their will. Plaintiffs were aware of this unlawful detention. This caused Plaintiffs to be damaged.

**Answer:**    Defendants deny that Officer Torres committed any act that would deprive the plaintiffs of their Fourth Amendment rights and further deny all the remaining allegations .

WHEREFORE, the Defendants, Officers, OCAMPO, RAMOS, O'DONNELL, RAMIREZ, AGOSTO and TORRES respectfully request that this Honorable Court enter judgment in their favor and against the Plaintiffs and award the Defendants the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

**COUNT XII (False Imprisonment/Arrest - §1983 Claim Against Officer V. O'Donnell)**

89.  Plaintiffs re-allege, reassert and incorporate paragraphs one through thirty-seven of this Complaint as if fully set forth herein.

**Answer:**        Defendants re-assert their answers to paragraphs one through thirty-seven as their answer to paragraph eighty-nine as though fully set forth herein.

90.  This Count is brought pursuant to 42 U.S.C. § 1983 and the Constitution of the United States.

**Answer:**        Defendants admit the allegations of paragraph ninety.

91.   Defendant Officer V. O'Donnell caused the Plaintiffs to be detained and imprisoned on March 16, 2007 even though she was devoid of any justifiable basis and

lacked probable cause for said detention in violation of the Fourth Amendment of the United States Constitution. Defendant Officer V. O'Donnell's false imprisonment of Plaintiffs constituted an unlawful seizure.

**Answer:**        Defendants deny that Officer O'Donnell committed any acts which would deprive the plaintiffs of their Fourth Amendment rights and further deny all remaining allegations of this paragraph.

92.   The aforementioned actions of Defendant Officer V. O'Donnell proximately caused the Plaintiffs to be deprived of their Fourth Amendment right to be free from arrest and imprisonment lacking probable cause and caused them to be unlawfully detained and imprisoned against their will.    Plaintiffs were aware of this unlawful detention. This caused Plaintiffs to be damaged.

**Answer:**         Defendants deny that Officer O'Donnell committed any acts which would deprive the plaintiffs of their Fourth Amendment rights and further deny all remaining

allegations of this paragraph.


WHEREFORE, the Defendants, Officers, OCAMPO, RAMOS, O'DONNELL, RAMIREZ, AGOSTO and TORRES respectfully request that this Honorable Court enter judgment in their favor and against the Plaintiffs and award the Defendants the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.


## COUNT XIII (False Imprisonment/Arrest - §1983 Claim Against Officer N. Ramirez)

93. Plaintiffs re-allege, reassert and incorporate paragraphs one through thirty-seven of this Complaint as if fully set forth herein.

**Answer:** Defendants re-assert their answers to paragraphs one through thirty-seven as their answer to paragraph ninety-three as though fully set forth herein.

94. This Count is brought pursuant to 42 U.S.C. § 1983 and the Constitution of the United States.

**Answer:** Defendants admit the allegations of paragraph ninety-four.

95. Defendant Officer N. Ramirez caused the Plaintiffs to be detained and imprisoned on March 16, 2007 even though he was devoid of any justifiable basis and lacked probable cause for said detention in violation of the Fourth Amendment of the United States Constitution. Defendant Officer N. Ramirez's false imprisonment of Plaintiffs constituted an unlawful seizure.

**Answer:**    Defendants deny that Officer Ramirez committed any acts that would violate plaintiffs Fourth Amendment rights and further deny all remaining allegations of paragraph ninety-five.

96.   The aforementioned actions of Defendant Officer N. Ramirez proximately caused the Plaintiffs to be deprived of their Fourth Amendment right to be free from arrest and imprisonment lacking probable cause and caused them to be unlawfully detained and imprisoned against their will.    Plaintiffs were aware of this unlawful detention. This caused Plaintiffs to be damaged.

**Answer:** Defendants deny that Officer Ramirez committed any acts that would violate plaintiffs Fourth Amendment rights and further deny all remaining allegations of paragraph ninety-six.

WHEREFORE, the Defendants, Officers, OCAMPO, RAMOS, O'DONNELL, RAMIREZ, AGOSTO and TORRES respectfully request that this Honorable Court enter judgment in their favor and against the Plaintiffs and award the Defendants the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## <u>COUNT XIV</u> (False Imprisonment/Arrest - §1983 Claim Against Unknown Defendant Officers)

97.   Plaintiffs re-allege, reassert and incorporate paragraphs one through thirty-seven of this Complaint as if fully set forth herein.

**Answer:**    Defendant s re-assert theirs answers to paragraphs one through thirty-seven as their answer to paragraph ninety-seven as though fully set forth herein.

98.   This Count is brought pursuant to 42 U.S.C. § 1983 and the Constitution of the United States.

**Answer:** Defendants admits the allegations of paragraph ninety-eight.

99.    Unknown Defendant Officers caused the Plaintiffs to be detained and imprisoned on March 16, 2007 even though they were devoid of any justifiable basis and lacked probable cause for said detention in violation of the Fourth Amendment of the United States Constitution.   Unknown Defendant Officers' false imprisonment of Plaintiffs constituted an unlawful seizure.

**Answer:** Defendants are without sufficient knowledge to form a belief as to unknown officers and any of the allegations of paragraph ninety-nine.

100.    The aforementioned actions of the Unknown Defendant Officers proximately caused the Plaintiffs to be deprived of their Fourth Amendment right to be free from arrest and imprisonment lacking probable cause and caused them to be unlawfully detained and imprisoned against their will.    Plaintiffs were aware of this unlawful detention. This caused Plaintiffs to be damaged.

**Answer:** Defendants are without sufficient knowledge to form a belief as to the allegations of unknown Officers or the allegations of paragraph one hundred.

WHEREFORE,   the   Defendants,   Officers,   OCAMPO,   RAMOS, O'DONNELL, RAMIREZ, AGOSTO and TORRES respectfully request that this Honorable Court enter judgment in their favor and against the Plaintiffs and award the Defendants the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

**<u>COUNT XV</u>**
**(Conspiracy to Deprive Constitutional Rights - §1983 Claim Against the Defendant**

**Officers and Officer Gloria Gomez)**

101.   Plaintiffs re-allege,  reassert and  incorporate paragraphs one through

thirty-seven of this Complaint as if fully set forth herein.

**Answer:** Defendant Officers Ramos, O'Donnell, Ocampo, Ramirez, Agosto

and Torres re-assert their answers to paragraphs one through thirty-seven as their answer

to paragraph one hundred and one as though fully set forth herein.

102.   Defendant Officer Gloria Gomez conspired with the other Defendant

Officers to deprive the Plaintiffs of their constitutional rights.   To

wit, an explicit or implicit meeting of the minds occurred among the

Defendant Officers and Officer Gloria Gomez on or about March 16,

2007, and continued thereafter, in which an agreement was made

to violate Plaintiffs' Fourth Amendment rights, and bring false and malicious

charges, statements and testimony against the Plaintiffs.

**Answer:** Defendant Officers Ramos, O'CONNELL, Ocampo, Ramirez,

Agosto and Torres deny the allegations of paragraph one hundred and two.

103.   Officer Gloria Gomez and each of the Defendant Officers engaged in one

or more of the following overt acts to effectuate and promote the

conspiracy:

a.      aided, assisted, and abetted in providing false information to
file
charges in which it was related that the Plaintiffs resisted arrest
and
committed battery and aggravated assault on March 16, 2007;

b.      agreed between themselves, to give false statements to the Office
of Professional Standards and the Cook County State's Attorney's
Office related to the above-referenced criminal charges; and

c.       was otherwise a willful participant in joint activity.

**Answer:** Defendant Officers Ramos, O'Donnell, Ocampo, Ramirez,

Agosto and Torres deny the allegations of paragraph one hundred and three sub-sections a-c inclusively.

104. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and was committed for the    express purpose and mutual understanding to deprive the Plaintiffs of their Fourth Amendment rights.

**Answer:**  Defendant Officers Ramos, O'Donnell, Ocampo, Ramirez, Agosto and Torres deny the allegations of paragraph one hundred and four.

105. This conspiracy was undertaken for the additional purpose of punishing the Plaintiffs for their volatile relationship with Defendant Officer Gloria Gomez.

**Answer:** Defendant Officers Ramos, O'Donnell, Ocampo, Ramirez, Agosto, and Torres deny the allegations of paragraph one hundred and five.

106. As a proximate result of the conspiracy, the Plaintiffs have suffered constitutional infringements, pain and suffering, financial damage including legal expense, as well as severe emotional distress and mental anguish.

**Answer:** Defendant Officers Ramos, O'Donnell, Ocampo, Ramirez, Agosto and Torres deny the allegations of paragraph one hundred and six.

WHEREFORE, the Defendants, OFFICER RAMOS, O'CONNELL, OCAMPO, RAMIREZ, AGOSTO AND TORRES respectfully request that this Honorable Court enter judgment in their favor and against the Plaintiffs and award the Defendants the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

**COUNT XVI (Assault and Battery - State Law Claim Against Officer J. Ocampo)**

**107.** **Plaintiffs re-allege, reassert and incorporate paragraphs one through**

thirty-seven of this Complaint as if fully set forth herein.

> **Answer:** Defendants re-assert their answer to paragraphs one
> through thirty-seven as their answer to paragraph one
> hundred and seven as though fully set forth herein.

108.    The acts of Defendant Officer J. Ocampo, as described above, were affirmative acts intended to cause an impermissible contact of a harmful and/or offensive nature to which the Plaintiffs did not consent, and thus constitute assault and battery under Illinois law.    Further, said acts directly and proximately caused the Plaintiffs to be damaged.

> **Answer:** Defendants deny that Officer Ocampo committed any acts which would be of a harmful or offensive nature to plaintiffs and further deny the remaining allegations of paragraph one hundred and eight.

WHEREFORE, the Defendants, OFFICER RAMOS, O'CONNELL, OCAMPO, RAMIREZ, AGOSTO AND TORRES respectfully request that this Honorable Court enter judgment in their favor and against the Plaintiffs and award the Defendants the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

### COUNT XVII (Assault and Battery - State Law Claim Against Officer D. Ramos)

109.    Plaintiffs re-allege, reassert and incorporate paragraphs one through thirty-seven of this Complaint as if fully set forth herein.

> **Answer:** Defendants re-asset their answers to paragraphs one
> through thirty-seven as their answer to paragraph one
> hundred and nine as though fully set forth herein.

110.  The acts of Defendant Officer D. Ramos, as described above, were

affirmative acts intended to cause an impermissible contact of a harmful and/or offensive nature to which the Plaintiffs did not consent, and thus constitute assault and battery under Illinois law. Further, said acts directly and proximately caused the Plaintiffs to be damaged.

**Answer:** The Defendants deny that Officer Ramos committed any acts which would be of a harmful or offensive nature to the plaintiffs and further deny the remaining allegations of paragraph one hundred and ten.

WHEREFORE, the Defendants, OFFICER RAMOS, O'CONNELL, OCAMPO, RAMIREZ, AGOSTO AND TORRES respectfully request that this Honorable Court enter judgment in their favor and against the Plaintiffs and award the Defendants the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

### COUNT XVIII (Assault and Battery - State Law Claim Against Officer Agosta)

111.    Plaintiffs re-allege, reassert and incorporate paragraphs one through thirty-seven of this Complaint as if fully set forth herein.

**Answer:**    Defendants re-assert their answers to paragraphs one through thirty-seven as their answer to paragraph one hundred and eleven as though fully set forth herein.

112.    The acts of Defendant Officer Agosta, as described above, were affirmative acts intended to cause an impermissible contact of a harmful and/or offensive nature to which the Plaintiffs did not consent, and thus constitute assault and battery under Illinois law.    Further, said acts directly and proximately caused the Plaintiffs to be damaged.

**Answer:** The Defendants deny that Officer Agosto committed any acts which would be harmful or offensive to the plaintiffs and further deny the remaining

allegations of paragraph one hundred and twelve.

WHEREFORE, the Defendants, OFFICER RAMOS, O'CONNELL, OCAMPO, RAMIREZ, AGOSTO AND TORRES respectfully request that this Honorable Court enter judgment in their favor and against the Plaintiffs and award the Defendants the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

<u>**COUNT XIX**</u> **(Assault and Battery -**
**State Law Claim Against Officer J. Torres)**

113. Plaintiffs re-allege, reassert and incorporate paragraphs one through thirty-seven of this Complaint as if fully set forth herein.

> **Answer:** Defendants re-assert their answers to paragraphs one through thirty-seven as their answer to paragraph one hundred and thirteen as though fully set forth herein.

114. The acts of Defendant Officer J. Torres, as described above, were affirmative acts intended to cause an impermissible contact of a harmful and/or offensive nature to which the Plaintiffs did not consent, and thus constitute assault and battery under Illinois law. Further, said acts directly and proximately caused the Plaintiffs to be damaged.

> **Answer:** Defendants deny that Officer Torres committed any acts which would be harmful or offensive to the plaintiffs and further deny the remaining allegations of paragraph one hundred and fourteen.

WHEREFORE, the Defendants, OFFICER RAMOS, O'CONNELL, OCAMPO, RAMIREZ, AGOSTO AND TORRES respectfully request that this Honorable Court enter judgment in their favor and against the Plaintiffs and award the Defendants the costs incurred in this matter and any further relief that this

Honorable Court deems fair and just.

**COUNT XX** (Assault and Battery - State Law Claim Against Officer V. O'Donnell)

115. Plaintiffs re-allege, reassert and incorporate paragraphs one through thirty-seven of this Complaint as if fully set forth herein.

**Answer:** Defendants re-assert their answers to paragraphs one through thirty-seven as their answer to paragraph one hundred and fifteen as though fully set forth herein.

116. The acts of Defendant Officer V. O'Donnell, as described above, were affirmative acts intended to cause an impermissible contact of a harmful and/or offensive nature to which the Plaintiffs did not consent, and thus constitute assault and battery under Illinois law. Further, said acts directly and proximately caused the Plaintiffs to be damaged.

**Answer:** The Defendants deny that Officer O'Donnell committed any acts which would be harmful or offensive to the plaintiffs and further deny the remaining allegations of paragraph one hundred and sixteen.

WHEREFORE, the Defendants, OFFICER RAMOS, O'CONNELL, OCAMPO, RAMIREZ, AGOSTO AND TORRES respectfully request that this Honorable Court enter judgment in their favor and against the Plaintiffs and award the Defendants the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

**COUNT XXI** (Assault and Battery - State Law Claim Against Officer N. Ramirez)

117. Plaintiffs re-allege, reassert and incorporate paragraphs one through thirty-seven of this Complaint as if fully set forth herein.

> **Answer:**     Defendants re-assert their answers to paragraphs one through thirty-seven as their answer to paragraph one hundred and seventeen as though fully set forth herein.

118. The acts of Defendant Officer N. Ramirez, as described above, were affirmative acts intended to cause an impermissible contact of a harmful and/or offensive nature to which the Plaintiffs did not consent, and thus constitute assault and battery under Illinois law. Further, said acts directly and proximately caused the Plaintiffs to be damaged.

> **Answer:**     The Defendants deny that Officer Ramirez committed any acts which would be harmful or offensive to the plaintiffs and further deny the remaining allegations of paragraph one hundred and eighteen.

WHEREFORE, the Defendants, OFFICER RAMOS, O'CONNELL, OCAMPO, RAMIREZ, AGOSTO AND TORRES respectfully request that this Honorable Court enter judgment in their favor and against the Plaintiffs and award the Defendants the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

**COUNT XXII (Assault and Battery - State Law Claim Against Unknown Defendant Officers)**

119. Plaintiffs re-allege, reassert and incorporate paragraphs one through thirty-seven of this Complaint as if fully set forth herein.

> **Answer:**     The Defendant s re-asserts their answers to paragraphs one through thirty-seven as their answer to paragraph one hundred and nineteen as though fully set forth herein.

120.  The acts of Unknown Defendant Officers, as described above, were affirmative acts intended to cause an impermissible contact of a harmful and/or offensive nature to which the Plaintiffs did not consent, and thus constitute assault and battery under Illinois law. Further, said acts directly and proximately caused the Plaintiffs to be damaged.

**Answer:**    The Defendant s have insufficient knowledge to form a belief as to the allegations of unknown officers and paragraph one hundred and twenty.

WHEREFORE, the Defendants, OFFICER RAMOS, O'CONNELL, OCAMPO, RAMIREZ, AGOSTO AND TORRES respectfully request that this Honorable Court enter judgment in their favor and against the Plaintiffs and award the Defendants the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

### COUNT XXIII
**(Conspiracy to Deprive Constitutional Rights - State Claim Against the Defendant**

**Officers and Officer Gloria Gomez)**

121.  Plaintiffs re-allege, reassert and incorporate paragraphs one through thirty-seven of this Complaint as if fully set forth herein.

**Answer:**    Defendant Officers re-assert their answers to paragraphs one through thirty-seven as their answer to paragraph one hundred and twenty-one as though fully set forth herein.

As described more fully in the preceding paragraphs, the Defendant

122.

Officers and Officer Gloria Gomez, acting in concert with each other, conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

**Answer:**    Defendant Officers deny the allegations of paragraph one hundred and twenty-two.

123.  In furtherance of the conspiracy, the Defendant Officers and Officer Gloria Gomez committed overt acts and were otherwise willful participants in joint activity.

**Answer:**    Defendant Officers deny a conspiracy and further deny the allegations of paragraph one hundred and twenty-three.

124.  The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and was committed for the express purpose and mutual understanding to deprive the Plaintiffs of their Fourth Amendment rights.

**Answer:**    Defendant Officers deny any misconduct and deny that they violated the plaintiffs' Fourth Amendment rights and further deny all remaining allegations of paragraph one hundred and twenty four.

125.  This conspiracy was undertaken for the additional purpose of punishing the Plaintiffs for their volatile relationship with Defendant Officer Gloria Gomez.

**Answer:**    Defendant Officers deny a conspiracy and further deny the allegations of paragraph one hundred and twenty-five.

126.  As a proximate result of the conspiracy, the Plaintiffs have suffered constitutional infringements, pain and suffering, financial

damage including legal expense, as well as severe emotional distress and mental anguish.

**Answer:** Defendant Officers deny the allegations of paragraph one hundred and twenty-six.

WHEREFORE, the Defendants, OFFICER RAMOS, O'CONNELL, OCAMPO, RAMIREZ, AGOSTO AND TORRES respectfully request that this Honorable Court enter judgment in their favor and against the Plaintiffs and award the Defendants the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT XXIV
**(Intentional Infliction of Emotional Distress - State Claim Against the Defendant**

**Officers and Officer Gloria Gomez)**

127. Plaintiffs re-allege, reassert and incorporate paragraphs one through thirty-seven of this Complaint as if fully set forth herein.

**Answer:** Defendant Officers re-assert their answers to paragraphs one through thirty-seven as their answer to paragraph one hundred and twenty-seven as though fully set forth herein.

128. The acts and conduct of the Defendant Officers and Officer Gloria Gomez as set forth above were extreme and outrageous.

**Answer**: Defendant Officers deny the allegations of paragraph one hundred and twenty-eight.

129. The Defendant Officers and Officer Gloria Gomez intended to cause, or were in reckless disregard of the probability that the conduct would cause severe emotional distress to the Plaintiffs.

**Answer:** Defendant Officers deny the allegations of paragraph one hundred and twenty-nine.

130.  Said actions and conduct did directly and proximately cause severe emotional distress to the Plaintiffs and thereby constituted intentional infliction of emotional distress.

**Answer:**       Defendant Officers deny the allegations of paragraph one hundred and thirty.

131.  The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and was committed for the express purpose and mutual understanding to deprive the Plaintiffs of their Fourth Amendment rights.

**Answer:**       Defendant Officers deny any misconduct and further deny the remaining allegations of paragraph one hundred and thirty one.

132.  This conspiracy was undertaken for the additional purpose of punishing the Plaintiffs for their volatile relationship with Defendant Officer Gloria Gomez.

**Answer:**       Defendant Officers deny that there was any conspiracy and further deny the remaining allegations of paragraph one hundred and thirty-two.

133.  As a proximate result of the conspiracy, the Plaintiffs have suffered constitutional infringements, pain and suffering, financial damage including legal expense, as well as severe emotional distress and mental anguish.

**Answer:**       Defendant Officers deny that there was any conspiracy and further deny the remaining allegations of paragraph one hundred and thirty-three.

WHEREFORE,  the  Defendants,  OFFICER  RAMOS,  O'CONNELL,

OCAMPO, RAMIREZ, AGOSTO AND TORRES respectfully request that this Honorable Court enter judgment in their favor and against the Plaintiffs and award the Defendants the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT XXV

**(False Arrest - State Law Claim Against the Defendant Officers and Officer Gloria**

**Gomez)**

134.    Plaintiffs re-allege, reassert and incorporate paragraphs one through thirty-seven of this Complaint as if fully set forth herein.

    **Answer:**    Defendants re-assert their answers to paragraphs one through thirty-seven as their answers to paragraph one hundred and thirty-four as though fully set forth herein.

135.    The Defendant Officers and Officer Gloria Gomez caused the Plaintiffs to be arrested on March 16, 2007 even though there existed no justifiable basis or probable cause for the Plaintiffs' arrests on that date.

    **Answer**:    Defendant Officers deny the allegations of paragraph one hundred and thirty-five.

136.    The aforementioned actions of the Defendant Officers and Officer Gloria Gomez restrained the Plaintiffs' liberty, thereby causing them to suffer damages.

    **Answer:**    Defendant Officers deny the allegations of paragraph one hundred and thirty-six.

WHEREFORE, the Defendants, OFFICER RAMOS, O'CONNELL, OCAMPO, RAMIREZ, AGOSTO AND TORRES respectfully request that this Honorable Court enter judgment in their favor and against the Plaintiffs and award

the Defendants the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.


## COUNT XXVI

### (State Claim of Willful and Wanton Conduct Against Defendant Officers and

### Officer Gloria Gomez)

137.   Plaintiffs re-allege,  reassert and  incorporate paragraphs one through thirty-seven of this Complaint as if fully set forth herein.

   **Answer:**      Defendant Officers re-assert their answers to paragraphs

                    one through one thirty-seven as their answer to paragraph

                    one hundred and thirty seven as though fully set forth herein.


138.   At all times material and relevant, the Defendant Officers and Officer Gloria Gomez owed the Plaintiffs a duty to refrain from engaging in willful and wanton conduct during their interactions, including but not limited to, the Plaintiffs' detention and arrests.

   **Answer:** Defendant Officers admit only those duties imposed by law and deny violation of any duty owed to the plaintiffs.

139.   Notwithstanding said duties, the Defendant Officers and Officer Gloria Gomez engaged in one or more of the following willful and wanton actions:

   a.Detained and arrested Plaintiffs in an unreasonable and unlawful manner;

   b.Conspired to violate the Plaintiffs' Fourth Amendment rights; and

   c.Otherwise acted willfully and wantonly during their interactions with the Plaintiffs.
   **Answer:** Defendant Officers deny the allegations of paragraph

   one hundred and thirty-nine sub-sections (a) through ( c ) inclusively.

140.As a proximate result of the above-referenced conduct, Plaintiffs sustained

damages.

**Answer:**    Defendant Officers deny the allegations of paragraph one hundred and forty.

WHEREFORE, the Defendants, OFFICER RAMOS, O'CONNELL, OCAMPO, RAMIREZ, AGOSTO AND TORRES respectfully request that this Honorable Court enter judgment in their favor and against the Plaintiffs and award the Defendants the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

### COUNT XXVII (745 ILCS 10/9-102 Claim against the City of Chicago)

141. Plaintiffs re-allege, reassert and incorporate paragraphs one through one hundred forty of this Complaint as if fully set forth herein.

**Answer:** Defendant Officers re-assert their answers to paragraphs one through thirty-seven as their answer to paragraph one hundred and forty-one as though fully set forth herein.

142. The City of Chicago was at all times relevant to this Complaint charged with oversight of the Defendant Officers.

**Answer:**    Defendant Officers admit that at all times relevant to the Complaint they were employed by the City of Chicago.

143. The City of Chicago was at all times relevant to this Complaint the employer of the Defendant Officers.

**Answer:**    Defendant Officers admit the allegations of paragraph one hundred and forty-three.

144. The Defendant Officers committed the acts alleged above under color of law and within the scope of their employment as employees of the City of Chicago.

**Answer:**    Defendant Officers deny committing any acts which would

give rise to liability to the plaintiffs but admit that at all times relevant to the complaint they were within the scope of their employment as employees of the City of Chicago and acting under color of law.

WHEREFORE, the Defendants, OFFICER RAMOS, O'CONNELL, OCAMPO, RAMIREZ, AGOSTO AND TORRES respectfully request that this Honorable Court enter judgment in their favor and against the Plaintiffs and award the Defendants the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

<u>**COUNT XXVIII**</u> **(State Claims -** *Respondeat Superior* **Claim Against the City of Chicago)**

145. Plaintiffs re-allege, reassert and incorporate paragraphs one through thirty-seven and one hundred seven through one hundred forty of this Complaint as if fully set forth herein.

**Answer:** Defendant Officers re-assert their answers to paragraphs one through thirty-seven as their answer to paragraph one hundred and forty-five as though fully set forth herein.

146. The Defendant Officers were at all times relevant to this Complaint employees of the City of Chicago, and engaged in the conduct complained of within the course and scope of their employment.

**Answer:** The Defendant Officers admit that at all times relevant to this Complaint they were employees of the City of Chicago and acting within the course and scope of their employment but deny committing any acts which would give rise to liability to the Plaintiffs.

147. The City of Chicago is and was at all times material to this Complaint the employer and principal of the Defendant Officers.

   **Answer:**   Defendant Officers admit the allegations of paragraph one hundred and forty-seven.

148. The above-referenced acts of the Defendant Officers were within the scope of their employment as Officers with the City of Chicago, and therefore the City of Chicago, as the principal of the Defendant Officers, is liable for the actions of its agents under the doctrine of *respondeat superior.*

   **Answer:**   Defendant Officers admit that the City of Chicago is liable under the doctrine of respondeat superior but deny committing any acts which would give rise to liability to the Plaintiffs.

   WHEREFORE, the Defendants, OFFICER RAMOS, O'CONNELL, OCAMPO, RAMIREZ, AGOSTO AND TORRES respectfully request that this Honorable Court enter judgment in their favor and against the Plaintiffs and award the Defendants the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## AFFIRMATIVE DEFENSES

   1. As to all federal claims, at all times during the events alleged in Plaintiff's Complaint, even though the Officers deny that said events ever occurred, a reasonable police officer, objectively viewing the facts and circumstances then confronting the Officers in this case during the incident which allegedly provides the basis for the present

case, could have reasonably believed that the actions taken by him were objectively reasonable and were within constitutional limits that were clearly established at the time. The Officers are therefore entitled to qualified immunity.

    2.      Defendant Police Officers are absolutely immune for any testimony they may have given in plaintiff's underlying criminal case,

please see *Briscoe v. LaHue, 460 U.S. 325 (1983).*

3.In the instant case the Officers are entitled to the immunity of the "willful and wanton" standard  pursuant to 745 ILCS 10/1-210 which states that "willful and wanton conduct" as used in this Act means a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property.  This definition shall apply in any case where a "willful and wanton" exception is incorporated into any immunity under this Act.

4.In the instant case the City of Chicago is entitled to immunity under 745 ILCS 10/2-109 which states that a local public entity is not liable for any injury resulting from an act or omission of its employee where the employee is not liable.

**JURY DEMAND**

Officers Ramos, O'Donnell, Agosto, Torres, Ocampo and Ramirez respectfully demand a trial by jury of this cause.

Respectfully Submitted,

/s/ *Tiffany Y. Harris*
Attorney for the Defendant
Officers


City of Chicago Law Department
Federal Civil Rights Litigation
30 North LaSalle Street
Suite 1400
Chicago, IL 60602
312-744-5890
ARDC No. 6238533
Date: August 1, 2008