1   **TRANSCRIBED FROM DIGITAL RECORDING**

2                  IN THE UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF ILLINOIS
3                          EASTERN DIVISION

4   RENE MONTANEZ, et al.,              )
                                        )
5               Plaintiffs,             )
                                        )
6               vs.                     )  No. 08 C 1533
                                        )
7   J. OCAMPO, Officer, in his individual)
    capacity, et al.,                   )  Chicago, Illinois
8                                       )  January 15, 2009
                Defendants.             )  9:56 A.M.
9
10          TRANSCRIPT OF PROCEEDINGS - Telephonic Status
        BEFORE THE HONORABLE MICHAEL T. MASON, Magistrate Judge

11  APPEARANCES:

12  For the Plaintiffs:      HORWITZ, RICHARDSON & BAKER, LLC
                             20 South Clark Street
13                           Suite 500
                             Chicago, Illinois  60603
14                           BY:  MR. SEAN M. BAKER

15  For the Defendants:      CITY OF CHICAGO, LAW DEPARTMENT
                               FEDERAL CIVIL RIGHTS
16                             LITIGATION DIVISION
                             30 North LaSalle Street
17                           Suite 900
                             Chicago, Illinois  60602
18                           BY:  MS. TIFFANY YVETTE HARRIS

19

20                  PAMELA S. WARREN, CSR, RPR
21                     Official Court Reporter
                     219 South Dearborn Street
22                           Room 1928
                     Chicago, Illinois   60604
23                       (312) 294-8907

24
    **NOTE:  Please notify of correct speaker identification.**
25

1          (Telephonic proceedings held in open court:)

2          THE CLERK:  08 C 1533, Montanez versus Ocampo.

3          THE COURT:  Okay.  Go ahead and put your names on the

4    record again, please.

5          MR. BAKER:  Again for plaintiffs, this is Sean Baker.

6          THE COURT:  Uh-huh.

7          MS. HARRIS:  Tiffany Harris on behalf of the defendant

8    officers.  That's H-a-r-r-i-s.

9          THE COURT:  Thank you.

10         And, Mr. Baker, you called chambers after you left

11   here.  I guess you forgot to --

12         MR. BAKER:  I did, your Honor.  My brain did not thaw

13   out while I was in front of the bench, so I apologize.

14         THE COURT:  That happens.  That happens.

15         MR. BAKER:  We have noticed up the deposition of the

16   defendant officers as videotaped depositions.  In order to

17   avoid motions on this -- because depositions went Tuesday and

18   yesterday --

19         THE COURT:  Uh-huh.

20         MR. BAKER:  -- I was going to bring this up in court

21   when I was there this morning just to see if we could get a

22   decision one way or the other as to whether or not we could

23   proceed with videotaped depositions of the officers.

24         MS. HARRIS:  And, your Honor, the defendant officers

25   are objecting to this request by the plaintiff.  We are

1   concerned for the security of the officers while the officers

2   are involved in gang team missions and undercover operations,

3   and we cannot have them being photographed or videotaped in any

4   way, shape or fashion.

5         THE COURT:  When you noticed this up -- when did you

6   notice these depositions up?

7         MR. BAKER:  We had initially noticed them up as

8   regular depositions.  Then on Tuesday I sent out notices of

9   videotaped deposition for all officers from that point

10  forward.

11        Ms. Harris mentioned to me that she would object.  So

12  I proceeded on Wednesday's deposition, you know, as a regular

13  dep so that we wouldn't have to come in and motion in front of

14  the Court.  And I was hoping to address that, obviously, this

15  morning.

16        THE COURT:  So you gave them a day's notice is what it

17  amounts to.

18        MR. BAKER:  For one.  For the one deposition, you

19  know,that would be a day's notice.  But then obviously we had

20  depositions today, and there may be a dep tomorrow.  I know we

21  have some in the following weeks, and we had wanted to proceed

22  with videotape of those.  And, also, there is a protective

23  order in this case.

24        THE COURT:  Yeah.  Tell us about that.

25        MR. BAKER:  Well, the protective order I believe would

1   cover these depositions.  And obviously we're not going to

2   disseminate it to anybody other than for purposes in court.

3         THE COURT:  Uh-huh.  For purposes of the trial?

4         MR. BAKER:  Correct.  I mean, obviously, it is always

5   helpful when, you know, I ask an officer a question, and you

6   can see the demeanor from the videotape as to how they

7   respond.  Doesn't necessarily come off that way just from the

8   print on the page.

9         MS. HARRIS:  Well, your Honor, our response to that

10  would be if we proceed to trial in this matter, he clearly

11  would have an opportunity to cross examine the officers in

12  court, and the jury will be able to observe their demeanor.

13        There is issues concerning the impeachment with the

14  record.  If he is concerned about his client identifying the

15  officers, he could certainly bring his clients to the

16  deposition.

17        THE COURT:  What's your concern, Mr. Baker?

18        MR. BAKER:  Well, you know, we don't have a

19  (unintelligible) because I believe that I noticed up properly

20  under the rules, and the rules permit me to take depositions

21  this way.  And, you know, while it might be an officer to be

22  observed at trial, it is not the same as when he's answering

23  the type of thorough questioning I put him through in my

24  depositions.  And, you know, whether they are going to take a

25  pause or they look over to their attorney before they answer or

1    if they -- you know, if -- the pausing and maybe the tenor of

2    the voice and the answer, so that's why I want to have it

3    videotaped.  It is a very useful tool at that point.

4         THE COURT:  And do you want this to be retroactive

5    where you can go back and redepose --

6         MR. BAKER:  No, I'm not going to redepose anybody.

7         THE COURT:  Okay.

8         MR. BAKER:  I don't play games that way.

9         THE COURT:  All right.

10        MR. BAKER:  You know, I'm satisfied with what I have

11   done.

12        But from this point forward, you know, from today's

13   dep forward, I would like to be able to videotape these

14   officers.

15        THE COURT:  All right.

16        MS. HARRIS:  Well, your Honor, if he is satisfied with

17   what's he has done thus far, why can't he have them

18   (unintelligible) is not obvious to me on behalf of the

19   (unintelligible) --

20        THE COURT:  He's.

21        MS. HARRIS:  -- depositions on the videotape.

22        THE COURT:  He has given you enough notice on these

23   others.  And I'm going to go ahead and allow him to videotape

24   these others with the limit on here that they can only be used

25   for purposes of trial.

1      MS. HARRIS:  Your Honor, and (unintelligible) that I

2  am being difficult; however, you know, we really do have some

3  concerns for the security issues of the officers.  And we will

4  be concerned because apparently this law firm has started to do

5  this, the trend of noticing up videotaped depositions of

6  officers.

7      Is it possible that we can brief this issue?  Because

8  I would just hate for this to be kind of a trend.  And our

9  officers really are concerned that somehow this information can

10  fall into the wrong hands.

11      THE COURT:  If you look at the federal rules, and in

12  particular here Rule 30 -- this is the Federal Rules of Civil

13  Procedure, Rule 30(b)(3)(A), method stated in the notice.  The

14  party who notices the deposition must state in the notice the

15  method for recording the testimony.  Unless the Court orders

16  otherwise, testimony may be recorded by audio, audiovisual or

17  stenographic means.  The noticing party bears the court -- or

18  the recording cost.  Any party may arrange to transcribe a

19  deposition.

20      That will be my order.  But --

21      MS. HARRIS:  Well, your Honor, we also have --

22      THE COURT:  Wait a second, counsel.

23      MS. HARRIS:   -- (unintelligible.)

24      THE COURT:  Wait a second, counsel.  Let me finish.

25      MS. HARRIS:  Oh, I apologize.

1      THE COURT:  You're to limit this to -- for use at

2  trial only.

3      Do you understand that, Mr. Baker?

4      MR. BAKER:  Yes, your Honor.

5      THE COURT:  All right.

6      MR. BAKER:  You know, my reputation in court and my

7  license and all, I'm not going to play games with this.

8      THE COURT:  Yeah.  That's fine.

9      MR. BAKER:  So the only reason I'm doing this is so

10  that, you know, if and when we have to get (unintelligible) to

11  go to trial, have this as a tool to present to the jury.

12      THE COURT:  That's fine.

13      Ms. Harris, I'll let you finish your thought here.

14      MS. HARRIS:  Thank you, your Honor.

15      I, just for the purposes of making sure that the

16  videotape is properly maintained until the purpose of trial, I

17  would like to have it attorneys's eyes only, your Honor.

18      THE COURT:  Yeah, that's -- I have no problem with

19  that.

20      MS. HARRIS:  Okay.

21      MR. BAKER:  For instance, your Honor, an expert would

22  have to review it.  I think the expert would only have to

23  review a transcript anyway.  I don't think --

24      THE COURT:  Yeah, I don't think they would have to.

25  And if it becomes a problem, motion it up.

1       MR. BAKER:  Great.

2       THE COURT:  All right?

3       MS. HARRIS:  Your Honor, with respect to today's

4  deposition, are -- is that going to be videotaped or -- because

5  I did not receive notice until approximately 5:00 o'clock on

6  Tuesday.

7       THE COURT:  No, you got enough notice on that.

8       MS. HARRIS:  Okay.

9       THE COURT:  All right?

10      MS. HARRIS.  Thank you, your Honor.

11      THE COURT:  Anything else?

12      MR. BAKER:  That's it, your Honor.  I greatly

13  appreciate it.  And I apologize for having to do it this way --

14      THE COURT:  All right.

15      MR. BAKER:  -- (unintelligible) taking your time up.

16      THE COURT:  Sure.  Thank you.

17      MS. HARRIS:  Thank you.

18      MR. BAKER:  Thank you.

19      THE COURT:  Bye.

20      (Which concluded the proceedings in the above-entitled
matter.)

21                          CERTIFICATE

22      I HEREBY CERTIFY that the foregoing is a true, correct
and complete transcript of the proceedings had at the hearing
23  of the aforementioned cause on the day and date hereof.
*/s/ Pamela S. Warren*                          April 8, 2010
24  Official Court Reporter                         Date
United States District Court
25  Northern District of Illinois
Eastern Division